McFarland, J.,
delivered the opinion of the court.
This is a petition filed in the Probate Court of Shelby County, in which it is stated that the petitioner is the widow of L. Rocco, who died in said county on the 13th of May, 1869.
That the defendant, Paul A. Cicalla, soon afterward, on the 12th of June, qualified as the administrator of the estate of the deceased, and gave a bond with the other defendants as his sureties.
That on the 3d day of June, 1869, by the decree of the county court, petitioner was allowed the sum of $2,000, in money in the hands of the said Paul-A. Cicalla, administrator, for her year’s allowance, for the support of herself and her children, in accordance with the statute; and, also, one hundred and fifty dollars’ worth of personal property, consisting of household and kitchen furniture.
That all the personal property, moneys, notes, and accounts, and other assets belonging to the estate, including the $2,000 set apart for her by the commis- *510 si oners, but excepting the personal property aforesaid, went into the hands of said administrator.
That the $2,000 allowed her as aforesaid, was not separate and apart from other moneys in the hands of the administrator, but was a portion of the general fund which he had received as administrator.
That he received assets sufficient to pay the preferred debts, costs, etc., and to pay her the said $2,000; but that be has paid her only $600, although he has unadministered assets in his hands sufficient to pay the residue of the $2,000.
That the administrator is insolvent, and has committed a devastavit, by appropriating to his own use assets sufficient to pay her allowance, and by failing to collect assets.
Also, that he has suggested the insolvency of the estate, but has taken no further step.
The prayer of the petition is, that the defendant be compelled, by process of attachment, to pay the amount due the petitioner, and that the sureties on his administration bond be held also.
The defendants filed a demurrer, which was sustained, and the petitioner has appealed.
Sections 2285 and 2286 of the Code, prescribing the manner of setting apart to a widow her year’s support, were construed by this court in the case of Bayless v. Bayless, 4 Col., 359. Judge Milligan there said: “ The obvious intention of the Legislature in passing this statute, was to provide a temporary support for the widow and her family, immediately on the death of her husband, and to furnish a cheap and *511 expeditious mode of carrying it into execution. The commissioners are clothed with authority by law to separate from the aggregate personal estate so much of the articles mentioned in the statute as, in their impartial judgment, may be necessary for the support of the widow and her family for one year after the death of her husband, and to set it apart for her use. By the act of separation, and subsequent confirmation of their report, the title to the specified property thus set apart, becomes absolutely vested in the widow. The personal representative has no control over it, nor is it chargeable with any part of the expenses of the administration.
“The commissioners may set apart ‘ money on hand or due;’ and if the former, it passes at once to the widow; but if the latter, whether a right of action would immediately accrue to the widow, on the note or other security evidencing the money due, without the intervention of a personal representative, need not now be decided, and is expressly reserved. But the commissioners cannot go beyond the provisions of the statute. They derive all their authority from it; and whenever they transcend- its authority, their action is a mere nullity. They cannot vest the widow with title to ■ y articles of personal property not on hand at the time of their action, or clothe her with ■ rights not conferred by the statute.”
We think this a very clear and satisfactory exposition of the statute.
The construction above given, we think, makes the meaning very clear. It is evidently contemplated that *512 the commissioner are to go where the personal effects are and examine them, and set apart, separate, and designate, the articles that the widow is to have: and these at once become her property, and she should at once have possession of them, if she has it not already.
When the commissioners come to set apart to the widow .money on hand, it ought to appear that the money is actually on hand. It would be better that her part should be actually set apart and delivered to her; but if it appears that the money is actually in the hands of the administrator, a designation of a particular part of it will perhaps bé sufficient, and it will then be the duty of the administrator to hand it over to her, and if, with the money in his hands, he should refuse to do so, we think that he might be compelled by process of attachment.
The court has the power to enforce its orders.
It is the duty of the administrator to produce the assets, for the inspection and examination of the commissioners, and if he refuses he may, no doubt, be compelled to do so, by process of attachment for contempt.
Clearly, it was not contemplated that the commissioners should fix a gross 'sum of money as ' the amount the widow ought to have, without regard to whether it were on hand or not, and leave the administrator to collect and pay this out of the general assets, as any other debt against the estate.
The language is clear, that the property thus set apart becomes the absolute property of the widow for *513 the uses aforesaid, and does not go into the general estate.
It never was contemplated that the widow should be left to an action against the administrator for her claim. Her share of the effects on hand must be given to her immediately; and if, after these articles are thus set apart, the administrator should have possession of them, we think that she ought not to be left to her action for their conversion, but the court should, by way of carrying its orders into effect, compel the delivery of the articles.
It would, pei’haps, be otherwise if they have been converted, or changed, so that the specific articles can not be delivered.
It follows, from this view, that the sureties on the administration bond are not liable for these articles, nor for the money thus set apart to the widow.
These are not taken into the account of the administration, and if the administrator convert the property it is a personal tort. ■
This court held, in the case of Morris v. Morris, decided at the April term, 1872 (9 Heis., 815), that tbe sureties of an administrator are not liable for the property exempt from execution, which by law belongs to the widow, but which has been taken and sold by the administrator; and this is an analogous question.
We conclude, that if the commissioners, in the present case, set apart to the widow, in the manner provided by the statute, $2,000 of money on hand, or money due, and the administrator had this specific money, or other money exchanged for it, in his hands, ' *514 then the probate court had jurisdiction to perfect its order, and to compel the money or choses in action to be delivered to the complainant; but if the administrator has simply wasted all the assets, and made himself liable to the widow for the amount due her, then her remedy will have to be by a different action, as for. any other legal demand, and her claim cannot be enforced by attachment.
The decree as to the sureties will be affirmed; but as there is some uncertainty as to the meaning of the charges of the petition as to whether the money was on hand at the death of Rocco, and whether the administrator still has the funds, the case will be remanded as to him, to see whether, upon answer as to the facts, the petitioner be entitled to have the order of the court enforced as indicated.
The case is properly revivable • in the name of the administrator of Mrs. Rocco, who has died pending the appeal.