PERCY MULLENS *v.* JENNIE MATLOCK MULLENS.

*(Nashville,* December Term, 1929.)

Opinion filed June 28, 1930.

R. L. Sadler, for complainant, appellant.

G. S. Moore, for defendant, appellee.

Mr. Justice Cook delivered the opinion of the Court.

Complainant acquired the shares of two sisters and a brother in the estate, real and personal, of his father, and filed a bill against his father's widow, Jennie Matlock Mullens. The object of the bill was to sell a tract of land for partition, to annul a decree of the county court setting apart a year's support to Mrs. Mullens, and for an accounting with her as administratrix.

The chancellor sustained the demurrer to the bill and complainant appealed. There are only two assignments of error. These challenge the action of the chancellor in holding (1) that Robert C. Mullens and Jennie Matlock Mullens held an estate as tenants by the entirety in the tract of land involved; and (2) that the proceedings of the county court setting apart the year's support to the widow was not open to collateral attack as attempted by the bill.

Robert C. Mullens and his wife, Jennie Matlock Mullens, acquired the land by deed, the pertinent provisions of which are:

"For and in consideration of the sum of nine hundred dollars, cash in hand, the receipt of which is hereby acknowledged, we, P. M. Matlock and wife, Azile Matlock, James D. Matlock and wife, Lucy Matlock, and Jude Matlock, have bargained and sold and by these presents do transfer and convey unto the said Robert Mullens and

wife, Jennie Mullens, their heirs and assigns, a certain tract or parcel of land in Davidson County, Tennessee:

. . . . . .

". . . It is understood that Robert Mullens and wife, Jennie Mullens, shall own the property jointly, the one that survives the other shall hold the whole place during their life, but at the death of both of them one-half of the property shall go to each of the nearest kin unless they should decide to will it to some one else."

The intention of the grantors, which is controlling, is apparent. The grantees took the estate by the entirety limited by express provisions of the deed to their joint lives and to the life of the survivor, with power in each to dispose of one-half the estate in the remainder by will. Failing to exercise the power of appointment, the estate would pass at the death of the survivor, by the terms of the deed, in equal moieties. to the next of kin of the life tenants as provided by our statute of descent. See *Myers* v. *Comer,* 144 Tenn., 475; *Teague* v. *Souder,* 121 Tenn., 168, and *Beecher* v. *Hicks,* 7 Lea, 206.

By the terms of the deed, the estate passing to the heirs of Robert C. Mullens could not vest until the death of Mrs. Mullens, who, as the survivor, took the life estate.

The chancellor, observing the statute as construed in *Bierce* v. *James,* 87 Tenn., 538, and following the rule announced in *Jordan* v. *Jordan,* 145 Tenn., 378, and *McKnight* v. *McKnight,* 120 Tenn., 431, held that complainant, a contingent remainderman, could not maintain a suit for partition against the life tenant.

Referring to the second assignment of error, complaining of the action of the chancellor in refusing to review the proceedings of the county court under which the widow's year's support was set apart, it is first neces-

sary to refer to the facts presented by the bill. It is shown by the bill that formal application by petition was made by Mrs. Mullens to the county court asking for the appointment of legally qualified commissioners to set apart to her a year's support out of the personal estate of her husband. It is also shown that commissioners were appointed by the court, who, in a formal report filed September 30, 1926, stated that they set apart a year's support to the widow out of the personal estate, describing the particular items which they estimated at a value of $689. The bill shows that the report was confirmed June 30, 1928. The order appointing the commissioners and the order confirming their report are not shown by the record.

Relying upon allegations of the bill which present facts in contradiction of the county court record or in contradiction of the presumption of the regularity that must control in the absence of the complete record, it is charged that the proceeding is void because one of the commissioners was related to the widow. No such collateral attack can be made upon the order of the county court, which it is to be presumed in the absence of a contrary showing recited the necessary jurisdictional facts, among them that the commissioners were freeholders of the county, unrelated to the applicant by affinity or consanguinity.

Assuming complainant's right to make this collateral attack, the allegations of the bill within themselves are insufficient. It is merely shown that "Jim Dick Matlock, a brother of Mrs. Jennie Matlock, married Lucy Hill, a sister of J. K. Hill, one of the commissioners, and in addition the Hills and Matlocks are cousins. Moreover, the said J. K. Hill made himself very officious in

this year's support proceeding." And concluding this statement of the bill it is said: "Complainant is advised that said J. K. Hill is and was related within the prohibited degree."

Assuming that complainant intended the foregoing statements of the bill as a categorical charge that Hill was related within the prohibited degree, it presents a forbidden collateral attack upon the contrary conclusion and judgment of the county court. By section 4020 of Shannon's Code jurisdiction is conferred upon the county court to set apart the year's support. The jurisdiction of the county court is exclusive, so it is said by some of our authorities, although jurisdiction may be exercised by a court of chancery by consent of the parties, especially where the administration of the estate is involved.

The proceeding in the county court is a proceeding *ex parte* and *in rem,* and no notice is required. The action of the county court in such cases cannot be challenged by collateral attack except upon a showing of jurisdictional defects on the face of the record, such as of themselves render the proceeding void. Sizer's Pritchard on Wills, 634; *Ferriss* v. *Ford,* 2 Tenn. Chy., 147; *Sloan* v. *Sloan,* 155 Tenn., 429.

It is not shown nor charged in the bill that any essential jurisdictional fact is lacking on the face of the proceedings of the county court and so the presumption is that the proceeding was regular and that the county court observed every requirement of the statute. Nothing in the amount allowed for the year's support indicates an abuse of discretion by either the commissioners or the county court in affirming their report. Therefore, the chancellor properly rested his conclusion

upon the presumption that attends and supports the regularity of all judicial proceedings. *Sells* v. *State,* 156 Tenn., 613, and cases cited.

Affirmed.