BASIL ACUFF et al.

*v.*

CREED A. DANIEL, Administrator, et al.

387 S.W.2d 796.

(*Knoxville,* September Term, 1964.)

Opinion filed March 4, 1965.

J. BRICE WISECARVER, Jefferson City, for appellants.

CREED A. DANIEL, Rutledge, J. HOWARD COLLETT, Maynardville, for appellees.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The bill in this cause was filed by the appellants, Basil Acuff and others, seeking a declaratory judgment as to the validity of the widow's year's support set apart to Grace Acuff, widow of Prior H. Acuff, deceased, by the Commissioners appointed by the County Court of Grainger County, Tennessee. The appellants are the children of Prior H. Acuff by a former marriage, which was terminated by the death of their mother. The appellees are the children of Prior H. Acuff and Grace Acuff. Grace Acuff died on January 1, 1964, without having been paid to her the amount of the award allotted to her by the Commissioners for a widow's year's support. After her death, she having previously qualified as Administratrix of Prior H. Acuff's estate, Creed A. Daniel was appointed Administrator *de bonis non* of the estate of Prior H. Acuff.

Prior H. Acuff died testate in Grainger County, Tennessee, on June 4, 1963, leaving a holographic will with no

personal representative nominated or designated. Grace Acuff qualified as Administratrix with the will annexed on June 7, 1963. The decedent left a granddaughter one dollar and gave the remainder of his estate to his widow and six children equally. This estate consisted of 185 acres of land, located in Grainger County, and several promissory notes, the unpaid balance of which was in the aggregate of eighty-four hundred ($8400.00) dollars, and certain other inconsequential tangible personal property. Subsequent to the appointment of Grace Acuff as Administratrix, she dissented from the will of the deceased and applied for the appointment of the Commissioners to allot her a widow's year's support. These Commissioners were duly appointed by the Judge of the County Court having jurisdiction of the matter, and they in turn made the necessary investigation and filed their report which was approved by the court on September 16, 1963, in which they said insofar as is here pertinent:

"No cash on hands, but do have $8400.00 in notes. We alot to her $4500.00 to be paid to her when collected in."

Prior to the death of Grace Acuff on January 1, 1964, and subsequent to the Commissioner's report, above referred to, she had collected certain notes and rents in excess of $3,000.00 and had only paid out thirty odd dollars of this sum for expenses. She never paid to herself any part of the widow's year's support under this award. After her death the appellee, Creed A. Daniel, was appointed Administrator, as above set forth, on January 22, 1964. This action was filed on May 18, 1964, or some eight months after the Commissioners had made their report allotting the award in the figures and language above quoted. No exception, protest or appeal, or anything else, was taken to the report of the Commissioners

in the action in which their report was made. No complaint thereof was registered by anyone until the present action was filed, even though this report was approved by the County Judge in September, 1963, and was spread upon the minutes of that court at that time.

On August 13, 1964, the Chancellor found that the Commissioners improperly set aside the year's support, but even though they were incorrect in the way it was done their act was not void but voidable and that the bill in this cause is in the nature of a collateral attack on this report and the report cannot be disturbed. It was from such a holding that this appeal has been perfected, briefed, and ably argued before this Court.

There is one assignment of error, which is that the Chancellor erred in holding that the report was voidable and not void and could not be disturbed by declaratory judgment because it is argued that the report of the Commissioners is in contravention of the statute providing for a year's support, and it is therefore a nullity and utterly void and unenforcible.

The widow of an intestate or a widow who dissents from her husband's will is entitled to a year's support out of properties pursuant to the language of sec. 30-802, TCA, which in effect provides that upon her application Commissioners shall be appointed, sworn to act impartially and "shall set apart so much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one (1) year after the decease of her husband."

The argument, of course, here is that the Commissioners making the year's support in the language used

by them, "no cash on hands, but do have $8400.00 in notes. We alot to her $4500.00 to be paid to her when collected in" is contrary to the language just quoted from this statute, and it shows on its face that the allotment was not on hand and was not set apart to this widow out of "moneys due" and was not out of specific notes or obligations. It is said, as is true, that these Commissioners derived their authority from this statute and cannot go beyond its provisions, the argument being that when they do so their action is a mere nullity. The very able and proper argument is made that the reason such an award is a nullity is that the award must be of specific identifiable personal property and cannot be set aside in cash in such form that the personal representative of the deceased spouse's estate is burdened with collecting and paying the allowance the same as a claim against or a debt of the estate, and that the report of the Commissioners must be in such a form that the allowance or award can be physically and presently delivered or paid to the widow. In support of such an argument Pritchard on Wills and Administration of Estates, 3rd Ed., Phillips, sec. 636, page 508, and the cases of *Bayless v. Bayless,* 44 Tenn. 359; *Rocco v. Cicalla, Admr.,* 59 Tenn. 508, 509; and *Crenshaw v. Moore,* 124 Tenn. 528, 137 S.W. 924, are cited.

■ ■ This certainly is the correct reasoning under this statute, but it must be remembered that these statutory provisions must be, and are, liberally construed in favor of the right of the widow, and a strict construction will not be enforced to defeat a year's support. *Rhea v. Greer,* 86 Tenn. 59, 5 S.W. 595; *Graham v. Stull,* 92 Tenn. 673, 22 S.W. 738, 21 L.R.A. 241, and others that may be found by Shepardizing these cases. The language used by the Commissioners and the requirement of them to make

the award more definite do not make such an award void, but make it voidable only. Of course, if the judgment was void, that is, acquired in a court that did not have jurisdiction to enter the award, or for other reasons, then such a judgment has no validity anywhere and could be attacked collaterally, or in the case wherein such judgment was rendered. A void judgment is a dead limb upon a judicial tree, which may be cut off at any time, but when it is not thus void but is voidable a collateral attack may not be had upon said judgment. This Court in *Mullens v. Mullens*, 161 Tenn. 165, 29 S.W.2d 261, held that the action of the County Court cannot be challenged by collateral attack except upon the showing of jurisdictional defects on the face of the record, such as would of themselves render the proceeding void. Mr. Freeman in his work on Judgments, Vol. 1, 5th Ed., at page 743, makes this very pertinent statement:

"If the court in rendering the judgment stays within the powers conferred upon it by law it does not transcend the jurisdiction it has acquired in the particular case, its decision, however erroneous, is at most voidable and not for that reason subject to challenge in an independent proceeding."

The County Court here was given authority in this State by statute and has jurisdiction over things of the kind to appoint Commissioners to set aside the widow's support, 30-802, TCA, and when they have thus, as this record shows on its face, appointed these Commissioners and they have validly gone on the property and made this report setting aside a year's award for the widow even though in erroneous language it is voidable merely and not void. A very careful reading of the Section, from which the above quotation from Freeman is taken (sec.

357, beginning on page 742), will show many illustrations of related judgments to that rendered in this case, which are voidable merely, and are thus not subject to collateral attack.

Further, in this same work, at page 771, sec. 369, this very apt statement is made:

"Any failure by them (referring to the Commissioners, similar to those in the instant case) to conform rigidly to the statutory requirements or any error of judgment upon their part in trying the issues presented to them would justify a collateral attack only where some indispensable and jurisdictional provision of the statute is violated. Mere errors or irregularities that the court itself would correct if called upon so to do or which might be remedied on appeal or error will not affect the validity of the proceedings."

What we are talking about is further illustrated by Mr. Freeman at page 779 of his work, supra, wherein numerous nonjurisdictional errors in orders or judgments are cited, and some of them clearly bring the present matter into a non-jurisdictional error, and we thus reach the conclusion that a judgment as rendered herein is not void but voidable only, and not subject to collateral attack.

Our case of *Rhea v. Greer,* supra, illustrates what we have just been saying, that is, that these awards in favor of a widow, or those entitled thereto, are liberally construed in their favor and not strictly construed. In this case, that is *Rhea v. Greer,* there was an award made out of certain notes but it was not done until some two years after the death. The lower courts held against the award but were reversed by this Court and the Administrator was adjudged liable for the two notes which had been set

apart by the Commissioners' report on the ground that they were "on hands" at the death of intestate as shown by the inventory of the Administrator. This case distinguishes the cases relied upon by the appellant in *Bayless v. Bayless,* supra, and *Rocco v. Cicalla, Admr.,* supra, and clearly indicates by its language that an award of the kind here should not be disturbed on a collateral attack because it is clearly voidable and not void. If exceptions had been taken at the time to this award as originally made, there could have been probably a correction made. At least it would have been in time for some proper apportionment of certain of the notes on hand specifically to be made to this widow. The action now was not brought until after the death of this widow and until after she had collected some three thousand dollars of these notes and had the money on hand as Administratrix, but had not paid it to herself. Under such circumstances we must affirm the action of the Chancellor in holding that this declaratory judgment suit is a collateral attack upon a voidable judgment and thus cannot be maintained. The action below will be affirmed.