**Patricia M. RAEL, Plaintiff–Appellant,**

v.

**MONTGOMERY COUNTY, Tennessee, Defendant-Appellee,**

**Morgan Spangenberger, and Robert B. Wightman, Jr. Defendants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 2, 1988.

Application for Permission to Appeal Denied by Supreme Court April 3, 1989.

James A. Davis, Jr., Nashville, for plaintiff-appellant.

Dan L. Nolan, Daniel, Harvill, Batson & Nolan, Clarksville, for defendant-appellee.

## OPINION

LEWIS, Judge.

The issues in this case are (1) whether Tenn.Code Ann. § 28–1–105, the saving statute, is applicable to actions commenced under Tenn.Code Ann. § 29–20–101, *et seq.*, The Governmental Tort Liability Act, and (2) if the saving statute is inapplicable, does the trial court have the power to grant the plaintiff an additional twelve months from

1. Spangenberger and Wightman were dismissed

the date of nonsuit within which to recommence her suit.

The pertinent facts are as follows:

On August 29, 1983, plaintiff Patricia M. Rael, while operating her automobile was involved in an accident with a vehicle owned by defendant Montgomery County, Tennessee, and operated by defendant Morgan Spangenberger, an employee of Montgomery County.

On August 6, 1984, plaintiff sued Montgomery County, Spangenberger, and Robert B. Wightman, Jr.,[1] alleging that as a result of the negligence of these defendants the accident occurred and she was injured.

On December 26, 1985, pursuant to Rule 41.01, Tenn.R.Civ.P., plaintiff filed a written notice of "Voluntary Nonsuit."

On December 30, 1985, the following order was entered.

It appearing to the Court that plaintiff, PATRICIA M. RAEL, desires to take a voluntary non-suit in this cause, and it further appearing that she has this right pursuant to Rule 41.01 of the *Tennessee Rules of Civil Procedure;*

It is therefore ORDERED, ADJUDGED, and DECREED that the Plaintiff is allowed to take a voluntary non-suit, with the right to bring her case again within one year of the filing of the order.

Plaintiff's suit was brought pursuant to Tenn.Code Ann. § 29–20–101 *et seq.*, the "Tennessee Governmental Tort Liability Act" ("the Act").

Tennessee Code Annotated § 29–20–201(a) provides: "Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary."

Montgomery County is a governmental entity and is immune from suit for injuries

from the suit prior to trial.

or damages caused by its activities except in those cases where a cause of action is provided by Tenn.Code Ann. § 29–20–201(c).

Plaintiff's cause of action was created by removal of immunity, Tenn.Code Ann. § 29–20–205, and must be brought in strict compliance with provisions of "the Act."

Tennessee Code Annotated § 29–20–305(b) provides that the "action must be commenced within twelve (12) months after the cause of action arises."

The accident occurred on August 29, 1983. The instant suit was filed September 15, 1986, more than three years after the accident occurred, but within twelve months from the taking of the voluntary nonsuit.

■ Plaintiff has clearly brought her suit too late unless the provisions of Tenn. Code Ann. § 28–1–105 are applicable.

Tennessee Code Annotated § 28–1–105 provides in pertinent part as follows:

If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Article 1, § 17, of the Constitution of Tennessee provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." The legislature has directed that in certain cases immunity is removed and suits may be brought against the State and its subdivisions pursuant to "the Act."

■ Since "the Act" is in contravention of the common law regarding sovereign immunity, its provisions must be strictly construed. Tenn.Code Ann. § 29–20–201(c); *Mowdy v. Kelly*, 667 S.W.2d 489, 491 (Tenn.App.1983).

In *Automobile Sales Co. v. Johnson*, 174 Tenn. 38, 122 S.W.2d 453 (1938), a case in which plaintiff paid sales tax under protest and then commenced suit to recover the sums paid within the thirty-day period allowed by statute, plaintiff dismissed its suit without prejudice. Thereafter, plaintiff brought a second suit within one year, but not within the thirty days after payment as provided by the statute. The trial court dismissed plaintiff's suit on the ground that the thirty-day period prescribed in the statute for filing suit had expired before suit was filed.

On appeal, plaintiff conceded that it had not brought suit within thirty days after payment of the tax had been made but insisted that, since it had brought a former suit to recover the tax within thirty days after payment and the former suit had been dismissed without prejudice, the "saving statute" applied.

The saving statute at the time is identical with the present Tenn.Code Ann. § 28–1–105.

The Court, after a full and thorough discussion of the principles of law involved, stated:

While no case has been cited which deals with the specific statutes now before us, the principles decided and the reasoning of the opinions in the cases reviewed, are applicable and controlling here. As has been seen, it is laid down (1) that general statutes do not apply to, or affect, the State, unless they expressly so provide; and, (2) that, even more conclusive here, when a statute which creates a right of action expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right. We are, therefore, constrained to hold that the right to maintain this suit was lost by failure to bring it within the thirty days prescribed by Code, Section 1792, and that Code, Section 8572 (today, T.C.A. § 28–1–105), may not be invoked.

*Id.* at 49–50, 122 S.W.2d at 458.

In *Collier v. Memphis Light, Gas & Water Div.*, 657 S.W.2d 771 (Tenn.App.1983),

the issue was whether the legal liability statute which provides that the statute of limitations does not commence to run until a minor reaches eighteen years of age was applicable to "the Act."

This Court stated:

[T]he Act was quite clear that "actions *must* be commenced within twelve (12) months after the cause of action arises." Tenn.Code Ann. § 29–20–104(b) (emphasis supplied). With the admonition of the constitution the legislature prescribed the "manner" for such a cause and we cannot change the plain meaning of the words. The legislature made no express provision for minors until the 1980 amendment, and this was a matter for the legislature not for the court.[2]

*Id.* at 775.

Plaintiff failed to bring her suit within twelve months and therefore her suit is barred. Tennessee Code Annotated § 28–1–105 is not applicable.

 Plaintiff contends that even if Tenn. Code Ann. § 28–1–105 is not applicable, her suit is not barred since the order of dismissal specifically gave her "the right to bring her case again within one year of the filing of this order."

She argues that even if the provision in the order giving her an additional year within which to recommence her suit is an incorrect interpretation of the statute, the provision is not "void" but merely "voidable." Therefore, she contends, until the voidable order is reversed or modified on appeal, the voidable provision binds everyone and justifies every act done under it. *Acuff v. Daniel,* 215 Tenn. 520, 525, 387 S.W.2d 796, 798 (1965).

We respectfully disagree.

The provision of the order allowing plaintiff an additional year to recommence her suit is in direct contravention of Tenn.Code Ann. § 29–20–305(b) which states that the "action *must* be commenced within twelve

(12) months after the cause of action arises." (emphasis supplied)

"[A]n order of a trial court that is in direct contravention of an express statutory provision is a void order, and it can be set aside at any time, even if it has become final." *State v. Archer,* 594 S.W.2d 751, 752 (Tenn.Crim.App.1979).

The trial court was without authority to extend the time for recommencing suit and that portion of the order is void and mere surplusage.

The judgment of the trial court in dismissing plaintiff's suit is affirmed at plaintiff's cost and the action remanded to the trial court for the collection of costs and any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.

---

**2.** The action of the legislature in amending Tenn.Code Ann. §§ 28–1–106 and 28–1–108 to make them applicable to "the Act" and its failure to make Tenn.Code Ann. § 28–1–105 applicable speaks eloquently of the intent of the legislature regarding the applicability of Tenn. Code Ann. § 28–1–105 to "the Act."