# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 24, 2012 Session

## HONG SAMOUTH (SAM) RAJVONGS v. DR. ANTHONY WRIGHT

**Appeal from the Circuit Court for Rutherford County**
**No. 62176     Royce Taylor, Judge**

---

**No. M2011-01889-COA-R9-CV - Filed June 18, 2012**

---

A patient who alleged that he had been negligently injured by his podiatrist filed a complaint against him for malpractice, and then voluntary dismissed the complaint without prejudice. Less than a year later, he furnished the defendant podiatrist with the sixty day notice of potential claim required by a recently enacted statute, Tenn. Code Ann. § 29-26-121(a). He subsequently refiled his complaint in reliance on his rights under the saving statute, Tenn. Code Ann. § 28-1-105. The defendant filed a motion for summary judgment, arguing that the complaint was time-barred under the saving statute because it was filed more than one year after the dismissal of the original complaint. The plaintiff contended, however, that he was entitled to the benefit of Tenn. Code Ann. § 29-26-121(c), which extends the statute of limitations on medical malpractice claims by 120 days if the plaintiff has complied with the sixty day notice requirement. The defendant responded by arguing that Tenn. Code Ann. § 29-26-121(c) does not apply to complaints filed under the saving statute. The trial court dismissed the defendant's motion for summary judgment, but allowed him to file an application for interlocutory appeal because of the novelty of the legal question involved. After careful consideration of the relevant statutes, we hold that Tenn. Code Ann. § 29-26-121(c) does apply to the saving statute, and we affirm.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

BEN H. CANTRELL, SR. J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., and ANDY D. BENNETT, JJ., joined.

John F. Floyd and Jeremy A. Oliver, Nashville, Tennessee, for the appellant, Dr. Mark Anthony Wright.

William Kennerly Burger, Murfreesboro, Tennessee, for the appellee, Hong Samouth (Sam) Rajvongs.

# OPINION

## I.  A MALPRACTICE COMPLAINT

We are called upon to resolve only a single legal issue in this appeal, which comes to us as a question of first impression involving the interplay of the saving statute with the provisions of the recently-enacted malpractice statute. Before discussing that issue, however, we briefly summarize the procedural history of the case below as well as the facts of the case, as they are set out in the complaint.[1]  For the purposes of this discussion, we must presume the allegations found in the complaint to be true. See Tenn. R. Civ. P. 56.04; *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

Hong Samouth (Sam) Rojvangs ("Plaintiff") presented to a podiatrist, Dr. Anthony Wright ("Defendant") on September 15, 2005, complaining of a painful right foot. Defendant examined the foot and diagnosed a bunion and osteoarthritis with bone spurring. After an unsuccessful course of conservative treatment, the parties agreed on surgery to correct the bunion deformity.  Defendant performed the surgery on January 9, 2006, installing screws in Plaintiff's foot.

Plaintiff's conditions worsened dramatically over the following year and Defendant attempted a second surgical procedure on February 10, 2007.  Plaintiff's condition deteriorated further.  In the Spring of 2007, he sought advice from another physician, from whom he learned for the first time that the screws installed at the time of the initial surgical procedure had broken.  As a result, his bones had not healed and further damage had occurred.

Plaintiff filed a malpractice complaint against Defendant on February 11, 2007. He alleged that Defendant's failure to disclose that the affixing screws had failed and the bone had not healed constituted a deviation from the medical standard of care in the community where Defendant practiced. *See* Tenn. Code Ann. § 29-26-115. Plaintiff further alleged that as a direct result of that deviation, he suffered damages that included unnecessary pain and suffering, additional medical expenses, and partial anatomical impairment of the foot. Plaintiff also alleged that his initial problem was a simple bunion issue that could have been corrected without the implantation of any hardware, and thus without the related complications that can arise from the use of such hardware.

Defendant answered the complaint on May 30, 2008, denying any negligence and

---

[1]The second page of Plaintiff's initial complaint is not in the record.  We have relied on his refiled complaint as the source of the alleged facts we recite.

asserting a number of different defenses. He also filed a motion for summary judgment at some point.[2] Plaintiff filed a notice of voluntary non-suit on October 22, 2009, pursuant to Tenn. R. Civ. P. 41.01, and the trial court entered an order of dismissal without prejudice on November 13, 2009. Under the saving statute, Tenn. Code Ann. § 28-1-105(a), a claim that is timely filed and is then voluntarily dismissed without prejudice may be revived by filing a new complaint within one year of the date of dismissal of the earlier complaint.

## II. THE FILING OF A SECOND COMPLAINT

On October 21, 2010, Plaintiff gave Defendant a written notice of potential claim, as required by Tenn. Code Ann. § 29-26-121(a)(1). More than sixty days after giving notice (as required by the same statute) he filed a new complaint on February 18, 2011, presenting the same claim that had been asserted in the original complaint. A certificate of good faith was filed with the new complaint, as required by Tenn. Code Ann. § 29-26-122. The body of the complaint stated that Plaintiff had consulted with a Board-certified orthopedic surgeon qualified to provide testimony in this case and that in the surgeon's opinion, the actions of the Defendant were a deviation from the acceptable standard of professional practice.

On April 20, 2011, Defendant filed a motion for summary judgment. In a memorandum of law attached to that motion, Defendant argued that Plaintiff's complaint was time-barred because it was not filed within one year of the entry of the order of voluntary dismissal as required by Tenn. Code Ann. § 28-1-105(a), and also because it was not filed within the three year statute of repose for medical malpractice actions, as set out in Tenn. Code Ann. § 29-26-116(a)(3).

Plaintiff's memorandum in opposition to Defendant's motion asserted that he was entitled to the benefit of Tenn. Code Ann. § 29-26-121(c), which reads, "[w]hen notice is given to a provider as provided in this section, the applicable statutes of limitations and repose will be extended 120 days from the date of expiration of the statute of limitations and statute of repose applicable to the provider." If Tenn. Code Ann. § 29-26-121(c) does indeed apply to this case, then Plaintiff's claim against Defendant for injuries resulting from the surgery Defendant performed on February 10, 2007 would be timely.

Defendant argued that the Legislature did not intend Tenn. Code Ann. § 29-26-121(c) to apply to claims brought under the saving statute. After considering the arguments and the authorities submitted by the parties, the trial court rejected Defendant's argument and it entered an order on June 30, 2011 dismissing Defendant's motion for summary judgment.

---

[2]Defendant's motion for summary judgment on Plaintiff's initial complaint is not found in the appellate record.

But the court was not certain that its position would be upheld on appeal, for its order also stated,

> However, the Court observes that the issue pertaining to the application of the Saving Statute pertaining to the Tennessee Medical Malpractice Law may present a novel issue of law for consideration by the appellate courts. Accordingly, the Court notes that it would entertain an application for interlocutory appeal by the Defendant, if the issue is submitted pursuant to the requirements of Rule 9 of the Tennessee Rules of Civil Procedure.

Defendant subsequently filed the above-mentioned application in the trial court, which was granted. A proper application to this court followed. We concurred with the trial court that this was an appropriate case for interlocutory appeal pursuant to the criteria set out in Tenn. R. App. P. 9(a), and we granted the application.

### III. ANALYSIS

### A. The Standard of Review

A motion for summary judgment may only be granted when the filings supporting the motion show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004); *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998). We review a trial court's decision on a summary judgment motion *de novo* with no presumption of correctness accorded to the decision of the trial court. *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d at 84.[3]

There were no material facts at issue in this case at the summary judgment stage of the proceedings. Based upon its understanding of the relevant statutes, the trial court simply determined that Defendant was not entitled to judgment as a matter of law. The proper construction of a statute is a question of law which the appellate courts review *de novo* without a presumption of correctness. *Powers v. State*, 343 S.W.3d 36, 44 (Tenn. 2011); *Hill v. City of Germantown*, 31 S.W.3d 234, 237 (Tenn. 2000).

---

[3] Plaintiff contends that because no material facts were at issue at this stage of the proceedings, but only a question of law, this court should have deemed Defendant's motion to be a motion for failure to state a claim under a Rule 12.02(6) Tenn. R. Civ. P. rather than a motion for summary judgment under Rule 56.02 Tenn. R. Civ. P. While Plaintiff makes a valid point, it does not affect our decision, because our standard of review is the same regardless of which of these motions we find appropriate.

When interpreting a statute, the court must "ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Hathaway v. First Family Financial Services, Inc.,* 1 S.W.3d 634, 640 (Tenn. 1999). We ascertain the intent of the legislature from the natural and ordinary meaning of the statutory language and in the context of the entire statute, without a forced construction that would limit or expand its scope. *Waters v. Farr*, 291 S.W.3d 874, 881 (Tenn. 2009); *James Cable Partners v. Jamestown*, 818 S.W.2d 338, 341 (Tenn. Ct. App. 1991).

## B. The Saving Statute and the Rules of Civil Procedure

Defendant's first argument involves the saving statute, the sixty day notice provisions of the Medical Malpractice Act found at Tenn. Code Ann. § 29-26-121(a) and Rule 3 of the Tennessee Rules of Civil Procedure.

The saving statute reads in relevant part,

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, <u>commence</u> a new action within one (1) year after the reversal or arrest. . .

Tenn. Code Ann. § 28-1-105(a)(emphasis added).

In other words, if a plaintiff files a timely claim that is subsequently dismissed without prejudice, he may file the same claim once again, so long as he does so within one year after the date of the dismissal.

Our courts have stated many times that the saving statute is remedial in nature, and that because Tennessee law favors the resolution of disputes on their merits, it must be given a broad and liberal construction. *Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn. 1996); *Cronin v. Howe,* 906 S.W.2d at 913; *Dukes v. Montgomery County Nursing Home*, 639 S.W.2d 910, 912-13 (Tenn. 1982); *Woods v. Palmer,* 496 S.W.2d 474, 475 (Tenn. 1973); *Nashville, Chattanooga & St. Louis Railway v. Bolton,* 184 S.W. 9, 11 (Tenn. 1916); *Foster v. St. Joseph Hospital,* 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004).

In 2008, our Legislature amended the Medical Malpractice Act by enacting two new statutes [Acts 2008, ch. 919]. Tenn. Code Ann. § 29-26-121 established a new sixty day prior

notice requirement for the filing of all malpractice claims. Tenn. Code Ann. § 29-26-122 required plaintiffs to file a certificate of good faith within ninety days of filing a malpractice claim, certifying that they had consulted with one or more qualified experts who had provided a signed written statement that they were competent to express an opinion in the case, and that there was a good faith basis to maintain the action.[4]

In 2009, the Legislature amended both statutes [Acts 2009, ch. 425]. The amended version of Tenn. Code Ann. § 29-26-121 took effect on July 1, 2009, and is central to the argument before us. It reads in relevant part,

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state...[5]
> (b) . . . The court has discretion to excuse compliance with this section only for extraordinary cause shown.
> (c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. . .[6]

Defendant argues that Plaintiff's complaint was not timely, because he did not "commence a new action" within one year after he voluntarily dismissed his initial complaint without prejudice. He notes that Rule 3 of the Tennessee Rules of Civil Procedure states that

---

[4]The legislature amended Tenn. Code Ann. § 29-26-122 in 2009 to require that the certificate of good faith be filed at the same time that the complaint was filed, rather than within the following ninety days.

[5]Tenn. Code Ann. § 29-26-121(a)(2) specifies the content of the required notice. It reads in its entirety,
>     The notice shall include:
>     (A) The full name and date of birth of the patient whose treatment is at issue;
>     (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
>     (C) The name and address of the attorney sending the notice, if applicable;
>     (D) A list of the name and address of all providers being sent a notice; and
>     (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

[6]The 2008 statute had established a ninety day extension of the statutes of limitation and repose. The 2009 statute increased it to its current 120 days.

"[a]ll civil actions are <u>commenced</u> by filing a complaint with the clerk of the court." He therefore argues that Plaintiff's filing of the sixty day notice of potential claim did not serve to commence his action, and thus that the filing of his complaint after the conclusion of the one year saving statute period was untimely.

Plaintiff disagrees. He contends that Tenn. Code Ann. § 29-26-121(a) established a new starting point for the commencement of a new medical malpractice action, and thus that his action actually commenced when he filed the required notice. We realize that the new statute turns the usual sequence of events on its head. Normally, the filing of a complaint is followed by the service of process, which gives the defendants notice of the claim against them, as well as of the identity of the claimants.

In contrast, the giving of notice must precede the filing of the complaint under the new statute, thereby creating new pitfalls for plaintiffs and numerous puzzles for our courts to unravel. See *Howell v. Claiborne & Hughes Health Center,* M2009-01683-COA-R3-CV, 2010 WL 2539651 (Tenn. Ct. App. June 24, 2010)(rule 11 perm. app. granted Dec. 7, 2010)(rule 11 perm. app. dismissed Jan. 19, 2011); *DePue v. Shroeder*, E2010–00504–COA–R9–CV, 2011 WL 538865 (Tenn. Ct. App. Feb. 15, 2011)(rule 11 perm. app. denied Aug. 31, 2011).

We are, nonetheless, reluctant to accept Plaintiff's view of the matter. We note that conflicts between provisions of the Tennessee Rules of Civil Procedure and provisions of the Tennessee Code which cannot be harmoniously construed should generally be resolved in favor of the Tennessee Rules of Civil Procedure. *See* Tenn. Code Ann. § 16-3-406; *Mid-South Pavers, Inc. v. Arnco Construction, Inc.*, 771 S.W.2d 420, 422 (Tenn. Ct. App. 1989). See also, *Lock v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 809 S.W.2d 483, 489 (Tenn. 1991). Moreover, we are concerned about the unintended (and possibly) undesirable consequences that might flow from the change in the application of the Rules of Civil Procedure that Plaintiff suggests. We accordingly decline Plaintiff's invitation to redefine the commencement of an action as occurring at any time other than when the complaint is filed.

## C. The Saving Statute and the Extension of the Statute of Limitations

Defendant's second argument is that the legislature did not intend complaints filed under the saving statute to be included in the 120 day extension of "the applicable statutes of limitations and repose" in malpractice cases where the plaintiff has complied with the sixty day notice provisions of Tenn. Code Ann. § 29-26-121(a). He argues that if the legislature had intended to extend the deadline for filing a new complaint under the saving statute, it would have specifically referred to the saving statute in Tenn. Code Ann. § 29-26-121(c). Conversely, Plaintiff contends that if the legislature intended to exclude the saving statute, it would have specifically stated that exclusion to make its intention clear. We must, of course,

be guided by the intention of the legislature, insofar as we are able to understand that intention.

Defendant relies on two recent decisions of this court involving voluntary non-suits and the savings statute to suggest that we "implicitly support" his contention that compliance with Tenn. Code Ann. § 29-26-121(a) does not extend the one year saving statute. But neither of those cases is on point. *Howell v. Claiborne & Hughes Health Center,* supra involved a complaint for medical malpractice and wrongful death. Because of a number of different procedural irregularities, the trial court dismissed the complaint. Among other things, the plaintiff failed to file the required sixty day notice before filing her complaint under the saving statute.

The plaintiff noted, however, that the notice requirement became law during the saving statute period, and that she filed her complaint only five days after the requirement first took effect. In order to mitigate her failure to file the required notice she herself asserted that the 120 day extension of the statute of limitations did not apply. Plaintiff in the present case seizes upon our mention of that assertion in the *Howell* opinion to suggest that we agree with it. We reversed the dismissal of the plaintiffs' complaint and addressed each of the grounds for dismissal relied upon by the trial court. We excused the plaintiff's non-compliance with the sixty day notice requirement for "extraordinary cause" as permitted by Tenn. Code Ann. § 29-26-121(b), citing a number of different factors. *Howell v. Claiborne & Hughes Health Center*, 2010 WL 2539651 at *14-16. We did not, however, adopt the plaintiff's view as to the statute of limitations extension, as Plaintiff suggests we did.

The other case cited by Plaintiff is *Cude v. Herren*, W2010–01425–COA–R3–CV, 2011 WL 4436128 (Tenn. Ct. App. Sept. 26, 2011)(no Tenn. R. App. P. 11 application filed), which involves a somewhat similar factual situation to the *Howell* case, but features an even more tenuous connection to the issue before us than does *Howell,* and thus is even further off point.

A recent case that provides us with somewhat better guidance is *Cunningham v. Williamson County Hospital District,* M2011-00554-COA-R9-CV, 2011 WL 6000379 (Tenn. Ct. App. Nov. 30, 2011)(Rule 11 perm. app. granted April 11, 2012). That case involved a complaint for alleged malpractice against Williamson County Medical Center and five of its employees. The plaintiffs filed the pre-suit notice required by Tenn. Code Ann. § 29-26-121(a). They then filed their complaint more than one year after the events from which the complaint arose, but within the 120 additional days set out in Tenn. Code Ann. § 29-26-121(c). Because the defendant medical center is an arm of a political subdivision in this state, the parties understood that the case was governed by the Tennessee Governmental Tort Liability Act (GTLA), Tenn. Code Ann. § 29-20-101 et seq.

That Act allows parties to bring suit against governmental entities within certain

limitations. The GTLA is in derogation of the common law of sovereign immunity, so it is strictly construed and is "narrowly confined in its scope." *Sutton v. Barnes*, 78 S.W.3d 908, 913 (Tenn. Ct. App. 2002)(quoting *Doyle v. Frost*, 49 S.W.3d 853, 858 (Tenn. 2001)). For example, our courts have held that the saving statute does not apply to GTLA actions. *Williams v. Memphis Light, Gas & Water,* 773 S.W.2d 522, 523 (Tenn. Ct. App. 1988); *Rael v. Montgomery County*, 769 S.W.2d 211, 214 (Tenn. Ct. App. 1988).

The defendants filed a motion to dismiss, contending that the complaint was untimely under the GTLA. They noted that the complaint did not comply with the GTLA's requirement that "[t]he action must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b). They further noted that while extending the statute of limitations in malpractice actions, Tenn. Code Ann. § 29-26-121(c) did not specifically include the GTLA in its provisions. The trial court denied the defendants' motion to dismiss, and this court affirmed.

We reasoned that the comprehensive language of the legislative acts establishing and amending the two malpractice statutes indicated that the legislature intended them to apply to all malpractice cases, without exception. The 2008 Public Act stated that the new malpractice statutes "shall apply to all actions filed on or after [July 1, 2008], the public welfare requiring it." The 2009 Public Act stated that Tennessee Code Annotated § 29-26-121 "shall take effect and apply to notice given on or after July 1, 2009, in all medical malpractice actions. . ."

We took the expressions "all actions" and "all malpractice actions" in the above Acts to mean that the legislature did not intend there to be any exceptions to the new requirements. *Cunningham v. Williamson County Hospital District,* 2011 WL 6000379 at *6. We noted that the legislature is presumed to be aware of its prior enactments and that it knows the state of the law at the time it passes legislation. See *Hayes v. Gibson County*, 288 S.W.3d 334, 337 (Tenn. 2009); *State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997). We therefore reasoned that if the legislature had wanted to exclude the GTLA from the provisions of the new malpractice statutes it would have made that exclusion specific.

We also found it relevant that the requirements of the 2008 and 2009 medical malpractice statutes were applied to the same governmental entity in two other recent decisions of this court, *Brandon v. Williamson Medical Center*, 343 S.W.3d 784 (Tenn. Ct. App. 2010) and *Martins v. Williamson Medical Center*, M2010-00258-COA-R3-CV, 2010 WL 4746238 (Tenn. Ct. App. Nov. 22, 2010)(no Tenn. R. App. P. 11 application filed).

The 120 day extension of the statute of limitations was not at issue in either of those cases, but rather the duties imposed on the plaintiffs by the two new medical malpractice statutes. *Brandon* involved the question of excusable neglect, while the argument in *Martins*

was based on the distinction between medical malpractice and ordinary negligence. In any event, we found that the plaintiffs in both cases were required to comply with 2008 and 2009 medical malpractice statutes, even though the action had to be brought under the GTLA.

In short, this court has found that all the requirements of Tenn. Code Ann. § 26-29-121 and of Tenn. Code Ann. § 26-29-122 do apply to malpractice cases brought under the GTLA, even though neither of those statutes specifically mentions the GTLA, and despite the fact that our courts have construed the GTLA strictly and narrowly in the face of prior attempts to modify its scope. It follows that even though the saving statute is not specifically mentioned in the new malpractice statutes, we are not precluded from finding that malpractice complaints filed under the saving statute are subject to the same requirements and the same benefits as are other malpractice complaints.

We note that Defendant does not suggest in this case that Plaintiff should have been excused from compliance with the notice requirements of Tenn. Code Ann. § 29-26-121(a), but only that he should not receive the benefit of the extension of the statute of limitations afforded by Tenn. Code Ann. § 29-26-121(c). Under the defendant's version of the interplay between the medical malpractice act and the saving statute, an action previously non-suited would be barred fifty-nine days before the running of the one-year period in the saving statute if the sixty days notice required by Tenn. Code Ann. § 29-26-121(a) had not been previously filed. The effect would be to shorten the one-year period in the saving statute. There is no indication that this was the legislative intent

In *Jenkins v. Marvel*, 683 F.Supp.2d 626 (E.D. Tenn. 2010), the federal court discussed the legislative intent behind the new malpractice statutes. The court cited language from two newsletters by the legislative Republican majority in Tennessee and several decisions by the Texas state courts construing a similar statute that had been in effect for some time, to conclude that the purpose of the notice requirement was to reduce the number of frivolous lawsuits, weed out meritless lawsuits and facilitate early resolution of cases through settlement. *Jenkins v. Marvel*, 683 F.Supp.2d at 638-9

Similarly, this court has stated that the purpose of the sixty day notice provision is "to give the defendant the opportunity to investigate and perhaps even settle the case before it is actually filed. At a minimum, it will give the defendant the opportunity to gather information before suit is filed and should eliminate the need for extensions of time to answer the complaint or slow-walk discovery." *Howell v. Claiborne and Hughes Health Center,* 2010 WL 2359651 at *14 (citing Day, John A., *Med Mal Makeover 2009 Act Improves on '08*, 45 TENN. B.J. 14 (July 2009)).

-10-

By imposing an earlier filing requirement on malpractice plaintiffs than was required under the one year statute of limitations, however, the legislature reduced the time available to such plaintiffs to perform the extensive and complicated work of investigation required to mount a malpractice case. The legislature clearly recognized that such a reduction of time could disadvantage a meritorious claimant, for it twice extended the statutes of limitations and repose in order to compensate for it and to give such plaintiffs the time they need. Tenn. Code Ann. § 29-26-121(a) and (c) are thus complementary parts of a single comprehensive scheme which cannot be separated without damaging the whole scheme.

We can see no principled reason why those parts of the new medical malpractice statutes that impose additional burdens on plaintiffs should apply, while those parts that are designed to somewhat mitigate those same burdens should not. Plaintiff is therefore entitled to the 120 day extension to the one year statute of limitation set out in Tenn. Code Ann. § 29-26-116(a)(1) as well as to the same extension to the three year statute of repose set out in Tenn. Code Ann. § 29-26-116(a)(3). We accordingly affirm the trial court.

**IV.**

The judgment of the trial court is affirmed. We remand this case to the Circuit Court of Rutherford County for further proceedings. Tax the costs on appeal to the appellant, Dr. Anthony Wright.

_____
BEN H. CANTRELL, SENIOR JUDGE

-11-