Ronald WILLIAMS and Jane Williams,
Plaintiffs–Appellees,

v.

MEMPHIS LIGHT, GAS AND WATER
DIVISION, Defendant–Appellant.

Court of Appeals of Tennessee,
Western Section, at Jackson.

May 10, 1988.

Application for Permission to Appeal
Denied by Supreme Court
April 3, 1989.

Second Petition to Rehear Dismissed by
Supreme Court May 19, 1989.

Third Petition to Rehear Denied by
Supreme Court July 3, 1989.

James E. Blount, III, Heiskell Weatherford, Memphis, for plaintiffs-appellees.

James F. Greer, Memphis, for defendant-appellant.

FARMER, Judge.

This case is before us on an interlocutory appeal pursuant to T.R.A.P. 9. The issue is whether the twelve-month limitation for bringing suit against a governmental entity pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. § 29–20–305(b) can be extended by the Tennessee savings statute. T.C.A. § 28–1–105.

The Complaint alleges that on September 25, 1983, as Ronald Williams was picking up paper in front of his home, he stepped on a water meter cover. The cover gave way and Williams was injured. The water meter and its cover are owned, maintained and inspected by Memphis Light, Gas & Water Division (MLG & W), a subdivision of a municipal corporation.

On September 24, 1984 Williams filed suit against MLG & W for negligence as a result of his accident. On October 24, 1986 he voluntarily nonsuited that action.

A second suit was filed on May 22, 1987 alleging the same cause of action. This complied with the provision of the savings statute, T.C.A. § 28–1–105, which allows an action to be recommenced within one year of the time the original action was nonsuited. However, it was beyond the limitation provided in the Tennessee Governmental Tort Liability Act (Act), T.C.A. § 29–20–305(b), which requires an action to be commenced within twelve months after the cause of action arises.

MLG & W filed a motion to dismiss or, in the alternative, for summary judgment alleging that the savings statute was not applicable to the Act. The trial court denied the motion to dismiss but subsequently granted a motion for an interlocutory appeal pursuant to T.R.A.P. 9. The trial court certified two questions for our review:

1. Whether the savings statute, T.C.A. Section 28–1–105, is applicable to

actions brought against governmental entities pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. 29–20–101, et seq?

2. Whether a second civil action can be properly maintained under the Tennessee Governmental Tort Liability Act where (a) the same cause of action is asserted as in the original civil action which was timely filed but was dismissed without prejudice pursuant to a voluntary non suit and (b) the second civil action was filed within one (1) year following the entry of the order of dismissal without prejudice but more than one (1) year after the cause of action arose?

Historically governmental entities have been immune from suit for injury resulting from their activities based on the concept of sovereign immunity. However, the Act now allows suit to be brought against governmental entities within certain limitations. One such limitation is set forth in T.C.A. § 29–20–305(b) which provides that: "[t]he action must be commenced within twelve (12) months after the cause of action arises."

Williams argues that this is merely a statute of limitations like any other general statute of limitations, which may be extended by the application of the savings statute. However MLG & W asserts that the twelve-month limitation is a condition precedent which must be met before the suit may be maintained against them.

■ Where a statute creates a new liability or extends a new right to bring suit and that statute provides a time period within which to bring the action, that period

'operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.' 'Time has been made the essence of the right, and that right is lost if the time is disregarded.' As thus defined, the right of action is conditional. The limitation inheres in the right itself.

*Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 122 S.W.2d 453, 457–458 (1938).

■ As a governmental entity, MLG & W is covered by the Act. Since the Act created a new liability, it must be strictly construed. *See Id.,* 122 S.W.2d at 453. In so doing, we find that the twelve-month limitation period of T.C.A. § 29–20–305(b) for bringing an action is a condition precedent which must be met before a suit may be brought against the governmental entity.

Williams argues that the second action was timely filed pursuant to T.C.A. § 29–20–305(b) because the first action was timely filed. That is, if the one-year limitation is a condition precedent to bringing the cause of action, that condition was met by his timely filing of the first suit. This argument was made by the appellant in *Automobile Sales Co.* In that case the plaintiff by statute was allowed thirty days within which to file his cause of action. He filed his first suit within the thirty days but subsequently dismissed it without prejudice. When he filed his second suit beyond the thirty-day period, the trial court sustained the defendant's demurrer. The Supreme Court affirmed the trial court, despite the argument made by the plaintiff that since his suit had been brought within the thirty days originally, he had complied with the requirements of the statute. The Court stated that "the procedural statute, [28–1–105] herein invoked has application to statutes of limitation of a general nature which relate to the remedy only, whereas we have here a statute which expressly provides a condition precedent, compliance with which is essential in order to confer jurisdiction." 122 S.W.2d at 456.

In this case the right to sue MLG & W was granted to Williams by statute. However, that statute provided a limited time within which he must exercise that right. He failed to comply with the condition precedent and, as a result, he lost the right to bring this action. We find that the savings statute cannot be used to extend the period within which to file suit against a governmental entity. The legislature could have made T.C.A. § 28–1–105 applicable to the Act, however, it has chosen not to do so. *See* T.C.A. § 29–20–104 (1980).

In his brief Williams has asked, "In the event the Court finds the arguments contained herein unpersuasive, plaintiffs are moving this Court to be allowed to raise the issues of the invalidity and unconstitutionality of [the Act] ... and to urge that the general doctrine of sovereign immunity be abolished, which issues were not raised in the trial court." The constitutionality of the Tennessee Governmental Tort Liability Act was addressed in *Crowe v. John W. Harton Memorial Hospital*, 579 S.W.2d 888 (Tenn.App.1979). At that time the Act was held to be constitutional. Further, whether sovereign immunity should be abolished is an issue that should be brought before the legislature, not the court. *See Johnson v. Oman Construction Company, Inc.*, 519 S.W.2d 782, 786 (Tenn.1975).

The order of the trial court denying defendant's motion to dismiss is reversed and the case is dismissed. Costs of this appeal and in the trial court are taxed to the appellee for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.