**Emma Sue NANCE, Individually and as Administratrix of the Estate of David Lee Nance, Plaintiff–Appellant,**

v.

**CITY OF KNOXVILLE, Tennessee, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

April 21, 1994.

Permission to Appeal Denied by Supreme Court Sept. 6, 1994.

Harry Wiersama, Jr., and Brenda L. Lindsay, Knoxville, for plaintiff.

John Duffy, Watson, Hollow & Reeves, Knoxville, for defendant.

## OPINION

McMURRAY, Judge.

On May 11, 1989, the Appellant, Emma Sue Nance, filed a complaint in Knox County Circuit Court against the City of Knoxville, Tennessee, seeking damages for the suicide death of her son. His death occurred on December 30, 1985, while he was incarcerated in a jail owned and operated by the City of Knoxville. In response to the complaint, the appellee, City of Knoxville, filed a motion for summary judgment claiming that the one year statute of limitations found in the Governmental Tort Liability Act, T.C.A. §§ 29–20–101, *et seq.*, had expired. The appellant countered that T.C.A. § 28–1–115 preserved the cause of action. The trial court sustained the motion for summary judgment and dismissed the complaint. From this action, this appeal resulted. We affirm the judgment of the trial court.

Appellant submits the following issues for our consideration:

1. Was the dismissal of plaintiff's case in federal court based on lack of jurisdiction within the meaning of T.C.A. § 28–1–115?

2. Is the City of Knoxville subject to T.C.A. § 28–1–115?

3. May a court base a finding of laches on unsubstantiated representation of counsel not in the record?

The record reflects that on August 6, 1986, the appellant filed an action under 42 U.S.C. § 1983 in the United States Eastern District Court of Tennessee. Therein she alleged that her son had a history of mental problems and that he had committed suicide while incarcerated in the Knox City jail. She insisted that the suicide was the result of the deliberate indifference of the employees of the City of Knoxville.

On March 31, 1989, the federal suit was dismissed on motion for summary judgment. In his memorandum opinion, the trial judge in the federal action stated:

Given the City's comprehensive policy regarding treatment of mentally-disturbed inmates or detainees and the lack of any evidence that the defendant or its employees had notice of Mr. Nance's suicidal tendencies, the Court must conclude that no material issue of fact regarding any alleged policy, custom, or practice of the City has been raised. Although a claim of negligence has been sufficiently alleged, no liability for simple negligence can attach to the City under 42 U.S.C. § 1983. *See e.g., Molton v. City of Cleveland,* 839 F.2d 240, 243 (6th Cir.1988) (suicide while detained in municipal jail).

After her complaint in the federal action was dismissed, the appellant filed a motion to alter or amend the judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure. She further moved the court to allow an amendment to her complaint to allege a cause of action under T.C.A. §§ 29–20–101, *et seq.*, the Governmental Tort Liability Act. Both motions were denied. In his ruling on the motions the federal district court trial judge stated:

The dismissal of the plaintiff's claim under 42 U.S.C. § 1983 disposed of the federal question upon which jurisdiction was based in this case; at that time no pendent claims were pending. If such pendent claims had been pending, disposal of the federal claim would have left this Court with the discretion to dismiss any pendent claims. See *Samad v. Jenkins,* 845 F.2d 660, 663 (6th Cir.1988). Moreover, a claim under the Tennessee Governmental Tort Liability Act is generally best-suited for disposition in a State Court. *Cf. Burnett v. McNabb,* 565 F.2d 398, 400 (6th Cir. 1977). (This is yet another effort to make a federal question out of litigation where exclusive jurisdiction is in the State Courts). (citation omitted). Regardless, the decision of whether to allow a motion to amend is committed to the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltime Research, Inc.,* 401 U.S. 321, 330–331 [91 S.Ct. 795, 802–803, 28 L.Ed.2d 77] (1971); *Troxel Manufacturing Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 970 (6th Cir.1973). In *Troxel,* the Sixth Circuit specifically noted that Rule 15, Fed. R.Civ.P., was not intended to permit piecemeal litigation. Such "litigation should be discouraged, not only because it is antagonistic to the goals of public policy, but also

because it is prejudicial to the rights of individual litigants." *Id.* The plaintiff has presented no reason, aside from a tactical choice not to allege the presently proposed State claim, explaining her failure to bring this claim against the defendants initially. The incident out of which this case arose occurred in late 1985, but the plaintiff has not attempted to act on it until mid–1989. This delay is clearly of the nature of laches, regardless of any problem with the statute of limitations.

T.C.A. § 29–20–305(b) provides as follows: (b) The action [under the Governmental Tort Liability Act] must be commenced within twelve (12) months after the cause of action arises.

Clearly the appellant has failed to timely file the present action unless the federal action can, in some manner, be construed so as to toll the running of the statutory time limitation of T.C.A. § 29–20–305(b).

T.C.A. § 28–1–115 provides as follows:

> **28–1–115. Dismissed federal court actions.**—Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court.

Our research has revealed no published controlling authority directly in point with the issue presented here. In *Jones v. Sherrill,* 1991 WL 83344[1] an unpublished opinion of this court filed May 22, 1991, written by Judge Inman, Special Judge, addressing a similar situation stated:

> We think the appellant's arguments on appeal must fail for at least two reasons: First, because the saving statute does not apply to actions brought under the Act [Governmental Tort Liability Act] against the government.... [and] second, because the subject saving statute [T.C.A. § 28–1–115] is applicable only to actions dismissed "for lack of jurisdiction" ...

■ We are of the opinion that both reasons advanced by Judge Inman in *Jones,*

supra, apply to the case under consideration. Firstly we note that in the federal district court action, the appellant's motion to amend her complaint to state a cause of action under the Governmental Tort Liability Act was denied. Hence an action brought pursuant to the act was never before the federal district court and, therefore, was never dismissed "for lack of jurisdiction" as required by T.C.A. § 28–1–115.

■ Secondly, it is well-settled that the general saving statute found in T.C.A. § 28–1–105 has no application to actions brought pursuant to the Governmental Tort Liability Act. *See e.g. Rael v. Montgomery County,* 769 S.W.2d 211 (Tenn.App.1988); *Williams v. Memphis Light, Gas & Water Division,* 773 S.W.2d 522 (Tenn.App.1988).

The general saving statute found in T.C.A. § 28–1–105 provides in pertinent part as follows:

> **28–1–105. New action after adverse decision—Contractual limitations periods.**—(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest....

■ T.C.A. § 28–1–105 and § 28–1–115 have a common purpose, *i.e.,* to provide a plaintiff with an opportunity to renew a suit if a complaint is dismissed by any judgment or decree that does not conclude the right of action. *Turner v. Aldor Co. of Nashville, Inc.,* 827 S.W.2d 318 (Tenn.App.1991). It would seem, therefore, to be incongruous in all respects to hold that one saving statute has no application to cases brought under the Governmental Tort Liability Act while the other does.

---

1. *See also Klepper v. Cooper,* 1989 WL 153233, an unpublished opinion of this court filed December 18, 1989, permission to appeal denied concurring in results only.

This conclusion is supported by *Williams v. Memphis Light*, supra, quoting *Automobile Sales Co. v. Johnson*, 174 Tenn. 38, 122 S.W.2d 453, wherein it is said:

> Where a statute creates a new liability or extends a new right to bring suit and that statute provides a time period within which to bring the action, that period
>
>> 'operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.' As thus defined, the right of action is conditional. The limitation inheres in the right itself.
>
> Since the Act [Governmental Tort Liability Act] created a new liability, it must be strictly construed. In so doing, we find that the twelve-month limitation period of T.C.A. § 29–20–305(b) for bringing an action is a condition precedent which must be met before a suit may be brought against a governmental entity.

*Williams v. Memphis Light*, supra, at page 523.

Applying the same reasoning to T.C.A. § 28–1–115, we hold that neither T.C.A. § 28–1–105 nor § 28–1–115 can be used to extend the period within which suit must be filed against a governmental entity. Since our resolution of the issues relating to the saving statutes is dispositive of the case, we find it unnecessary to address the question of laches.

We affirm the judgment of the trial court. Costs are assessed to the appellant and her sureties, if any, and this case is remanded to the trial court.

GODDARD, P.J. (E.S.), and SUSANO, J., concur.