**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION AT JACKSON**

FILED

December 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

SHEILA DANIEL,              )
obo FLODIE DANIEL,          )
                            )
          Plaintiff/Appellant,  ) Hardin Circuit No. 2568
                            )
V.S.                        ) Appeal No. 02A01-9703-CV-00063
                            )
HARDIN COUNTY GENERAL       )
HOSPITAL,                   )
                            )
          Defendant/Appellee.   )


APPEAL FROM THE CIRCUIT COURT OF HARDIN COUNTY
AT SAVANNAH, TENNESSEE
THE HONORABLE C. CREED McGINLEY, JUDGE


**GUY R. DOTSON, JR.**
Murfreesboro, Tennessee
Attorney for Appellant


**MARTY R. PHILLIPS**
**RAINEY, KIZE,R BUTLER, REVIERE & BELL, P.L.C.**
Jackson, Tennessee
Attorney for Appellee


**AFFIRMED AND DISMISSED**



**ALAN E. HIGHERS, J.**


**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Plaintiff/Appellant, Sheila Daniel ("Plaintiff"), on behalf of Flodie Daniel, appeals the

judgment of the trial court dismissing her complaint for failure to state a claim upon which relief can be granted. For reasons stated hereinafter, we affirm the trial court's judgment.

## PROCEDURAL HISTORY

On March 20, 1994, Flodie Daniel died. On March 17, 1995, Plaintiff filed a complaint in Circuit Court in Lawrence County, Tennessee. The complaint alleged that Scott Health Care Center ("SHCC") was guilty of medical malpractice and that said malpractice was the proximate cause of Flodie's Daniel's death. SHCC answered the complaint on or about August 14, 1995. Thereafter, on March 4, 1996, SHCC amended its answer to allege affirmatively that Hardin County General Hospital ("hospital") was negligent in releasing Flodie Daniel to SHCC and that the negligence of the hospital was the proximate cause of Flodie Daniel's death. On May 31, 1996, the Plaintiff filed this present action against the hospital pursuant to T.C.A. § 20-1-119.

On June 20, 1996, the hospital filed a motion to dismiss or for summary judgment. After oral arguments were heard, the trial court, considering the entire record, granted the hospital's motion to dismiss, ruling that Plaintiff failed to state a claim upon which relief could be granted. This appeal followed.

The Plaintiff states the issue on appeal as follows: Do the provisions of the comparative fault statute, Tenn. Code Ann. § 20-1-119, apply to the Governmental Tort Liability Act, Tenn. Code Ann. § 29-29-201? The hospital states two additional issues as follows: (1) whether the discovery rule is applicable to the case at bar; (2) whether the trial court properly granted the hospital's motion to dismiss since the plaintiff failed overtly to allege that an employee of the hospital was negligent and that the employee was acting within the scope of his or her employment when the negligence occurred.

## FACTS

Flodie Daniel was admitted to the hospital on March 11, 1994, after suffering a

stroke. On March 17th of that same year, Flodie Daniel was examined at the hospital by Dr. James H. Thomas, discharged, and transferred to SHCC in Lawrenceburg, Tennessee for stroke rehabilitation.

The complaint alleges that following Dr. Thomas' examination, Flodie Daniel complained to the hospital staff of nausea and pain in her stomach. Thereafter, on March 19, 1994, two days after leaving the hospital, SHCC transported Flodie Daniel to Crocket Hospital in Lawrenceburg because she was allegedly complaining of a distended and painful abdomen.

At Crocket Hospital, Dr. V.H. Crowder, Jr. examined Flodie Daniel and allegedly did not consider surgical intervention due to her condition. Flodie Daniel died on March 20, 1994.

Approximately twenty-six months after the death of Flodie Daniel, Plaintiff filed this action for wrongful death/medical malpractice against the hospital. The hospital is a governmental entity created by Private Acts of the Tennessee Legislature, Chapter 409 (1957).

## DISCUSSION

The issues presented in this cause are questions of law raised by the motion to dismiss based on the failure to state a claim upon which relief can be granted. Consequently, the scope of our review is de novo with no presumption of correctness. See T.R.A.P. 13(d); Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993).

A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of a plaintiff's proof as does, for example, a motion for a directed verdict. Merriman v. Smith, 599 S.W.2d 548, 560 (Tenn. Ct. App. 1979). The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone. Wolcotts Fin.

Serv., Inc. V. McReynolds, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. Cornpropst v. Sloan, 528 S.W.2d 188, 190 (Tenn. 1975); Shelby County v. King, 620 S.W.2d 493, 494 (Tenn. 1981); Shipley v. Knoxville Journal Corp., 670 S.W.2d 222, 223 (Tenn. Ct. App. 1984). The motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. League Cent. Credit Union v. Mottern, 660 S.W.2d 787, 789 (Tenn. Ct. App. 1983). In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, we should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact therein as true. Fuerst v. Methodist Hospital South, 566 S.W.2d 847, 848-49 (Tenn. 1978); Holloway v. Putnam County, 534 S.W.2d 292, 296 (Tenn. 1976). The motion should be denied unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Fuerst, 566 S.W.2d at 848.

We will first deal with the issue of whether the twelve month limitation for bringing suit against a governmental entity pursuant to TGTLA, T.C.A. § 29-20-305(b), can be extended by T.C.A. § 20-1-119 as we feel such issue to be dispositive of this appeal. T.C.A. § 20-1-119 provides that in civil actions where comparative fault is an issue, if the original complaint was filed within the applicable statute of limitations and the defendant in its answer alleges a person not a party to the suit caused or contributed to the injury or damage, the plaintiff may amend his or her complaint within ninety (90) days of the filing of the answer, to add such person as a defendant pursuant to Tenn. R. Civ. P. 15.

Historically, governmental entities have been immune from suit for injury resulting from their activities based on the concept of sovereign immunity. Williams v. Memphis Light, Gas & Water, 773 S.W.2d 522, 523 (Tenn. Ct. App. 1988). The TGTLA, however, now allows suit to be brought against governmental entities within certain limitations. Id. One such limitation is set forth in T.C.A. § 29-20-305(b) which provides that "[t]he action must be commenced within twelve (12) months after the cause of action arises." Id. It is

4

imperative to note that the TGTLA, at T.C.A. § 29-20-201, provides that when immunity is withdrawn pursuant to the provisions of the TGTLA, "any claim for damages must be brought in strict compliance with the terms of this chapter."

This Court encountered a issue similar to the instant one in Williams, supra. The issue in Williams was whether the one-year statute of limitations in the TGTLA could be extended by T.C.A. § 28-1-105, the Tennessee savings statute, which allows an action to be recommenced within one year from the time the original action is nonsuited. Williams 773 S.W.2d at 522-23. The plaintiff in Williams argued that the T.C.A. 29-20-305(b) was merely a statute of limitations like any other general statute of limitations, which may be extended by the application of the savings statute. Id. at 523. The Williams court disagreed holding that the legislature had not made the Tennessee savings statute, T.C.A. § 28-1-105, applicable to the TGTLA and that the one-year statute of limitations within the TGTLA, T.C.A. § 29-20-305(b), was a condition precedent to a right of action under the TGTLA. Id. at 523-24.

Similarly, in Goodman v. Suh, 1995 WL 507778 (Tenn. Ct. App. Aug. 29, 1995), the eastern section addressed an issue identical to the one with which we are confronted in this case: Can T.C.A. § 20-1-119 be used to extend the period for filing suit against a governmental entity pursuant to the TGTLA, T.C.A. § 29-20-305(b)? Goodman, 1995 WL 507778, at *1.

In Goodman, the plaintiffs first filed a tort action against a non-governmental entity which answered the complaint and alleged the negligence of the city of Chattanooga. Id. at *1. Seventeen months thereafter, the plaintiffs amended their complaint to add the city of Chattanooga pursuant to T.C.A. § 20-1-119. Id.

The Court dismissed plaintiff's complaint holding that T.C.A. § 20-1-119 could not be used to extend the period in which to file suit against a governmental entity under TGTLA. Id. at *4-5. As a result, the plaintiffs had failed to state a cause of action upon

which relief could be granted under Tenn. R. Civ. P. 12.02(6). Id. The Goodman court

quoted the Williams court with approval stating:

> Where a statute creates a new liability or extends a new right to bring suit and that statute provides a time period within which to bring the action, that period "operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has made the essence of the right, and that right is lost if the time is disregarded. As thus defined, the right of action is conditional. The limitation inheres in the right itself."

Automobile Sales Co. v. Johnson, 174 Tenn. 38, 122 S.W.2d 453, 456-58 (Tenn. 1938).

The Goodman court furthered quoted Williams stating that:

> Since the Act created a new liability, it must be strictly construed. In doing so, we find that the twelve-month limitation period of T.C.A. § 29-20-305(b) for bringing an action is a condition precedent which must be met before a suit may be brought against the governmental entity.

Williams, 773 S.W.2d at 523.

In this case, the right to sue the hospital was granted to Plaintiff by the TGTLA. However, the TGTLA provided a limited time within which she must exercise that right. Plaintiff failed to comply with the condition precedent and, consequently, has lost the right to bring this action. Approximately two years passed since the death of Flodie Daniel before the hospital was added to this cause of action. We agree with the eastern section that the twelve month period given in T.C.A. § 29-20-305(b) is a condition precedent to Plaintiff's right of action against the hospital. The legislature was quite clear in stating that "actions must be commenced within twelve (12) months after the cause of action arises" and that "any claim for damages must be brought in strict compliance with the terms of this chapter." T.C.A. §§ 29-20-201(b), 29-20-305(b). We cannot change the plain meaning of the words of the TGTLA. The legislature could have made T.C.A. § 20-1-119 applicable to the TGTLA, however, it has chosen not to do so. See T.C.A. § 29-20-104 (1980).

Flodie Daniel died on March 20, 1994. Plaintiff filed the present action against the hospital on May 31, 1996. This is greater than two years after Flodie Daniel's death. Therefore, Plaintiff failed to fulfill the condition precedent provided in T.C.A. § 29-20-

6

305(b). Consequently, the trial court was correct in construing T.C.A. § 29-20-305(b) strictly and in dismissing Plaintiff's claim under Tenn. R. Civ. P. 12.02(6) stating that Plaintiff had no claim upon which relief could be granted. We affirm the judgment of the trial court in dismissing Plaintiff's cause of action for failure to state a claim upon which relief can be granted.

In light of the foregoing disposition of the issues in this cause, we find it unnecessary to address the remaining issues raised by the parties because said issues have been pretermitted. The judgment of the trial court in granting the hospital's Tenn. R. Civ. P. 12.02(6) motion is affirmed. The hospital's motion is sustained and the complaint as to the hospital is dismissed. Costs of this appeal are taxed to Plaintiff, for which execution may issue if necessary.

_____

HIGHERS, J.

CONCUR:

_____
FARMER, J.

_____
LILLARD, J.