IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
JUNE 14, 2000 Session

## HERMAN NEELY v. DAVID McDONALD and ANDREW KOOSHIAN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 99C-2558      The Honorable Thomas W. Brothers, Judge,**

---

**No. M2000-00099-COA-R3-CV - Filed October 20, 2000**

---

This appeal involves a negligence claim asserted against two members of the Nashville Metropolitan Police Department. The Davidson County Circuit Court dismissed the case on the grounds the action was precluded by the Tennessee Governmental Tort Liability Act.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY LILLARD, J., joined.

Phillip L. Davidson, for the Appellant

Francis H. Young, for the Appellees

### OPINION

Herman Neely appeals from the judgment of the Davidson County Circuit Court, which dismissed his negligence claim against the Defendants. For the reasons stated herein, we affirm the trial court decision.

### I. Facts and Procedural History

David McDonald and Andrew Kooshian (AAppellees@) were, at all times relevant to the present appeal, police officers employed by the Nashville Metropolitan Police Department. On October 12, 1996, at approximately 2:30 A.M., the appellees were dispatched to the Pilot gas station on West Trinity Lane in Nashville. When they arrived, they were informed by a security guard that an individual who was acting disorderly and appeared to be intoxicated had just departed in a cab. While the Appellees were speaking with the security guard, the cab returned to the gas station. The driver of the cab told the Appellees that the passenger had been verbally and physically abusive.

As the cab driver was speaking with the Appellees, the passenger, Ray O=Neal Neely (ADecedent@), exited the cab. The Appellees told the Decedent they were going to frisk him and transport him away from the scene. The Decedent apparently became upset and reached for the Appellees. The Appellees then allegedly grabbed the Decedent and put him to the ground, handcuffed him, and placed him in a patrol car.

The Appellees took the Decedent to a homeless shelter. When they arrived, the Appellees noticed that the decedent was having trouble breathing, and they summoned an ambulance. Paramedics were successful in reviving the Decedent, but he died shortly after being transported to the hospital.

Herman Neely (AAppellant@), the Decedent=s next of kin, filed a complaint in the United States District Court for the Middle District of Tennessee on February 10, 1997, alleging civil rights violations. The Appellant filed an amended complaint on August 31, 1998 asserting, for the first time, negligence claims against the Appellees. The Federal District Court ultimately dismissed the Appellant=s civil rights claim with prejudice and dismissed the negligence claim without prejudice. On September 15, 1999, the Appellant filed a negligence action against the Appellees in state court. The Appellees filed a motion to dismiss, arguing that the action could only be brought against the Metropolitan Government pursuant to the Tennessee Governmental Tort Liability Act (ATGTLA@), T.C.A. ' 29-20-101, *et seq*. They further argued that the claim was time-barred under the TGTLA=s statute of limitation. The trial court granted the Appellees= motion, and the case was dismissed. This appeal followed.

## II. Law and Analysis

The dispositive question in this appeal is whether the Appellant=s cause of action should have been brought against the Metropolitan Government as opposed to the individual officers. The Appellant claims that his complaint stated a claim for Acommon law negligence@ and was not brought pursuant to the TGTLA. However, regardless of how the Appellant attempts to characterize his cause of action, we believe it is clear that this suit is precluded by the TGTLA. As such, we affirm the trial court=s dismissal.

T.C.A. ' 29-20-310(b) states that A[n]o claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter unless the claim is one for medical malpractice brought against a health care practitioner.@ Obviously, the present case does not involve medical malpractice. Therefore, the question is whether the immunity of the Metropolitan Government was removed. If the answer to that question is yes, then the present case cannot be sustained against the Appellees. See Erwin v. Rose, 980 S.W.2d 203, 206 (Tenn. Ct. App. 1998)(noting that the legislature wished to limit the exposure of municipal employees by giving the employee absolute immunity in cases where the municipality's immunity is removed).

Relevant to the present appeal, T.C.A. ' 29-20-205 provides that a governmental entity=s immunity is removed Afor injury proximately caused by a negligent act or omission of any employee within the scope of his employment@ except in certain specific circumstances. None of the exceptions contained in T.C.A. '

29-20-205 are applicable in the present case.[1]  The Appellant=s complaint clearly states a cause of action for negligence on the part of the Appellees while they were in the course and scope of their employment.

The applicability of the TGTLA to the facts of this case could not be clearer.  The immunity of the Metropolitan Government is removed, thereby rendering the Appellees absolutely immune from suit.  See Tenn.Code Ann. '' 29-20-205, 29-20-310(b).  Thus, the present suit cannot be maintained against the individually named Defendants.

Both parties have presented arguments regarding the TGTLA=s statute of limitation. We do not believe this issue has any bearing on the disposition of this case since the claim cannot be sustained against the named Defendants.  However, we note that the Appellant appears to concede the twelve month limitation found at T.C.A. ' 29-20-305(b) is an Aall or nothing@ proposition.  In other words, if this case falls under the TGTLA, there does not appear to be a savings statute which would toll the running of the limitation period.  See Williams v. Memphis Light, Gas, and Water Division, 773 S.W.2d 522 (Tenn. Ct. App. 1988)(holding that 12-month limitation provided in Tennessee Governmental Tort Liability Act was condition precedent to bringing suit against governmental entity and that period could not be extended by savings statute); See also Nance v. City of Knoxville, 883 S.W.2d 629 (Tenn. Ct. App. 1994).

**Conclusion**

For the foregoing reasons, the decision of the trial court granting the Defendants= motion to dismiss is hereby affirmed. Costs of this appeal are taxed to the Appellant, Herman Neely, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[1] To the extent the Appellant relies on the exception for civil rights violations contained in T.C.A. ' 29-20-205(2), we note that the complaint only states a claim for negligence.  The complaint does not allege a civil rights violation.