# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 5, 2011 Session

## BETTY LOU LAWING v. GREENE COUNTY EMS, et al.

### Appeal from the Circuit Court for Greene County
### No. 10CV640   Hon. Thomas J. Wright, Judge

### No. E2011-01201-COA-R9-CV-FILED-DECEMBER 17, 2012

In this action the defendants filed a Motion for Summary Judgment on the grounds the statute of limitation had run on plaintiff's cause of action.  The Trial Court overruled the Motion on the grounds that the tolling provisions in Tenn. Code Ann. § 29-20-201(c) was applicable to GTLA actions and granted permission to appeal pursuant to Tenn. R. App. P. 9.  On appeal, we hold that the tolling provision does not apply because the statute did not expressly extend it to GTLA actions.

**Tenn.  R. App. P. 9;  Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Jeffrey M. Ward, Greeneville,  Tennessee, for the appellants, Greene County/Greeneville EMS and Greene County, Tennessee.

R. Wayne Culbertson, Kingsport, Tennessee, and Wayne Ritchie, Knoxville, Tennessee, for the appellee Betty Lou Lawing.

Arthur P. Brock and William J. Rieder, Chattanooga, Tennessee, for Chattanooga-Hamilton County Hospital Authority.

## OPINION

Plaintiff, Betty Lou Lawing, filed a Complaint against defendants Greene County EMS, Jordan Clark, Philip Gunter, Robert Pershing, and Greene County, Tennessee. Clark, Gunter, and Pershing are EMTs who are employed by Greene County EMS. She alleged that on July 8, 2009, she was at home when she had a hypoglycemic attack, lost consciousness, and that her family discovered her within a few minutes and called 911, and that Clark, Gunter, and Pershing were the EMTs who responded.

Plaintiff alleged that Gunter began an IV in her left arm and administered dextrose. She was then taken to the hospital and alleged that she complained of numbness, tingling, and swelling in that arm. She alleged that her acute compartment syndrome was caused by the fact that the EMS worker missed the vein and injected dextrose into the cavity of her arm, and that the EMTs were negligent, and committed medical malpractice. She alleged that the defendants were given notice pursuant to Tenn. Code Ann. §29-26-121, and that such notice was mailed on July 2, 2010.

Plaintiff filed a Certificate of Good Faith pursuant to Tenn. Code Ann. §29-26-122. Greene County EMS answered, denying negligence and admitting that notice of the claim was received, but denying that this would toll the statute of limitations. The Answer asserted that plaintiff's claim was barred by the one year statute of limitations applicable to the GTLA. Greene County essentially made the same answer.

The three individual defendants filed Motions to Dismiss. Greene County then filed a Motion for Summary Judgment stating plaintiff's claim was barred by the statute of limitations. The county executive, Alan Broyles, filed an Affidavit, stating that the individuals were employed by Greene County EMS, which was a joint cooperative instrumentality of Greene County and Greeneville. Greene County filed a Statement of Facts, stating that Greene County EMS was a governmental entity formed as a joint cooperative instrumentality by Greene County and Greeneville, that the EMTs were employed by Greene County EMS, that they provided care to plaintiff on July 8, 2009, and that plaintiff gave notice of her claim on July 2, 2010.

Plaintiff then filed a Response to Defendants' Motion for Summary Judgment, asserting that the provisions of the malpractice statute relating to mandatory notice contained a tolling provision which tolled the statute of limitations. The Court entered an Order Denying Motion for Summary Judgment and Granting Interlocutory Appeal by Permission. The Trial Court held that plaintiff sent notice pursuant to the malpractice statute prior to the running of the one year statute of limitations applicable to GTLA actions, and as such, the tolling provisions in Tenn. Code Ann. §29-20-201(c) would apply.

The issue on appeal is:

Does the medical malpractice pre-suit notice requirement contained in Tennessee Code Annotated §29-26-121(a) operate to toll the one year statute of limitations for bringing suit against a governmental entity under the GTLA?

This interlocutory appeal deals with the recent pre-suit notice requirement added to the medical malpractice statute, which requires that notice be given to defendants in a malpractice action at least sixty days before filing the complaint, and states that if such notice is given within the statute of limitations, the statute of limitations will be extended for 120 days. Tenn. Code Ann. §29-26-121.

In this case, plaintiff's injury occurred on July 8, 2009, her notice pursuant to Tenn. Code Ann. §29-26-121 was given on July 2, 2010 (within the one year statute of limitations). Her lawsuit was then filed October 27, 2010 (outside the one year statute of limitations but within 120 days of its expiration). Defendants sought summary judgment based on the statute of limitations, arguing the tolling provision contained in Tenn. Code Ann. §29-26-121 would not apply to extend the statute of limitations in a GTLA action because the legislature did not expressly provide for such. They argue that claims against a governmental entity must be brought in strict compliance with the GTLA, and that our courts have thus held that the savings statute as well as joinder provisions in the comparative fault statute do not operate to extend the statute of limitations in the GTLA because the legislature did not expressly provide that they would apply to claims under the GTLA. *Lynn v. City of Jackson*, 63 S.W.3d 332 (Tenn. 2001); *Daniel v. Hardin County General Hospital*, 971 S.W.2d 21 (Tenn. Ct. App. 1997).

Plaintiff argued that Tenn. Code Ann. §29-26-121 states that "the applicable **statutes** of limitations" will be extended, thus expressly providing that any statute of limitation will be extended, including that which is applicable to GTLA actions.

While the appeal was pending, the Middle Section of this Court issued an opinion in *Cunningham v. Williamson County Hospital District et al.*, 2011 WL 6000379 (Tenn. Ct. App. Nov. 30, 2011)(permission to appeal granted April 16, 2012). This Court in *Cunningham* held that the tolling provision contained in Tenn. Code Ann. §29-26-121 would apply to toll the statute of limitations applicable to GTLA actions, and cited *Brandon v. Williamson Medical Ctr.*, 343 S.W.3d 784 (Tenn. Ct. App. 2010); *Martins v. Williamson Medical Ctr.*, 2010 WL 4746238 (Tenn. Ct. App. Nov. 22, 2010).

All other cases dealing with claims under the GTLA have held that similar "all encompassing" language contained in statutes purporting to extend a statute of limitations

does not constitute an express mandate sufficient to extend the statute of limitations applicable to GTLA actions. For example, in *Goodman v. Suh*, 1995 WL 507778 (Tenn. Ct. App. Aug. 29, 1995), this Court held that the comparative fault statute addressing joinder of defendants, Tenn. Code Ann. §20-1-119, would not extend the one year statute of limitations applicable to GTLA actions because the legislature did not expressly say it would. The statute says "[i]n civil actions where comparative fault is or becomes an issue", but this Court held that this language was insufficient to apply the statute to GTLA actions. We explained:

> T.C.A. § 29-20-201 provides when immunity is removed pursuant to the provisions of the Governmental Tort Liability Act, "any claim for damages must be brought in strict compliance with [the statute]." In *Williams v. Memphis Light, Gas & Water Div.*, 773 S.W.2d 522 (Tenn. App.1988), this court, at 523, said:
>
>> Historically governmental entities have been immune from suit for injury resulting from their activities based on the concept of sovereign immunity. However [the Tennessee Governmental Tort Liability Act] now allows suit to be brought against governmental entities within certain limitations. One such limitation is set forth in T.C.A. § 29-20-305(b) which provides that: "the action must be commenced within twelve (12) months after the cause of action arises."
>
> The issue in Williams, supra, was whether the one-year statute of limitations in the Governmental Tort Liability Act could be extended by T.C.A. § 28-1-105, the Tennessee savings statute, which allows an action to be recommenced within one year of the time the original action is nonsuited. The plaintiff in that case argued the statute of limitations contained in T.C.A. § 29-2-305(b) was like any other general statute of limitations and could thus be extended by the savings statute. The Williams court disagreed and held the savings statute did not apply to the provisions of the Governmental Tort Liability Act. The court said, at 523:
>
>> Where a statute creates a new liability or extends a new right to bring suit and that statute provides a time period within which to bring the action, that period
>>
>> 'operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.' 'Time has made the essence of the right, and that right is lost if the time is disregarded.' As thus defined, the right of action is conditional. The limitation inheres in the right itself.

*Goodman v. Suh*, 1995 WL 507778, *2 (Tenn. Ct. App. Aug. 29, 1995).

Similarly, in *Nance v. City of Knoxville*, 883 S.W.2d 629 (Tenn. Ct. App. 1994), this Court held that Tenn. Code Ann. § 28-1-115, which provides for a one-year extension of time to file a new complaint in state court if a federal action is dismissed for lack of jurisdiction, does not apply to suits filed pursuant to the Governmental Tort Liability Act. Tenn. Code Ann. § 28-1-115 states that "any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court." Despite the all encompassing language "any party", this Court held that the statute could not enlarge the statute of limitations applicable to GTLA actions, for the same reason advanced in *Goodman*. *Id.*

We follow the rationale and holdings in *Nance, Goodman* and *Daniel,* and hold that the tolling provision does not apply and neither does the notice provisions contained in Tenn. Code Ann. § 29-26-121. Accordingly, the Trial Court is reversed and the cause remanded with the cost of the appeal assessed to plaintiff, Betty Lou Lawing.

_____
HERSCHEL PICKENS FRANKS, P.J.