FILED
04/07/2022
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2022

## MICHAEL HALLIBURTON v. TENNESSEE BOARD OF PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 21-42-IV   Russell T. Perkins, Chancellor**

———————————————————

### No. M2021-00470-COA-R3-CV

———————————————————

This appeal arises from the denial of parole to an inmate by the Tennessee Board of Parole. The Tennessee Board of Parole denied the inmate parole in March 2020. The inmate's administrative appeal was also denied. Thereafter, the inmate filed a petition for writ of certiorari with the chancery court. However, the chancery court dismissed the petition without prejudice due to outstanding costs in prior civil cases. The inmate then filed a second petition with the chancery court. The chancery court dismissed the second petition for lack of subject matter jurisdiction because it was not filed within sixty days of the Tennessee Board of Parole's final decision in accordance with Tennessee Code Annotated section 27-9-102. The inmate appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KRISTI M. DAVIS, JJ., joined.

Michael Halliburton, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, and Dawn Jordan, Senior Deputy Attorney General, for the appellee, Tennessee Board of Parole.

## OPINION

### I.    FACTS & PROCEDURAL HISTORY

A Shelby County jury convicted Michael Halliburton of one count of attempted first-degree premeditated murder, one count of domestic assault, and two counts of aggravated assault, for the brutal beating of his wife with a metal knife sharpener. *State v. Halliburton*, No. W2015-02157-CCA-R3-CD, 2016 WL 7102747, at *1 (Tenn. Crim. App.

Dec. 6, 2016).  Mr. Halliburton first became eligible for parole in March 2018, but after a hearing, the Tennessee Board of Parole ("the Board") denied him parole.  The Board denied him parole again after a hearing in March 2020.  On July 1, 2020, the Board also denied Mr. Halliburton's request for an administrative appeal.  The following week Mr. Halliburton received notification of the Board's decision to deny his request.  Thereafter, Mr. Halliburton filed a petition for writ of certiorari on August 21, 2020.  On November 13, 2020, however, the chancery court dismissed his petition without prejudice due to his outstanding costs in prior civil cases.[1]

On January 15, 2021, Mr. Halliburton filed a second petition for writ of certiorari. The Board filed a motion to dismiss the petition stating that Mr. Halliburton's petition was filed more than sixty days subsequent to the Board's final decision.  Therefore, the Board asserted that the petition failed to meet the statutory prerequisites of Tennessee Code Annotated section 27-9-102 and the chancery court lacked subject matter jurisdiction over the petition.  Additionally, the Board asserted that the savings statute was inapplicable to claims against the State of Tennessee and its agencies.  Mr. Halliburton filed a response to the motion to dismiss, and the Board filed a reply to Mr. Halliburton's response.

In April 2021, the chancery court entered its final order.  The chancery court held that it lacked subject matter jurisdiction over the petition because the petition was not filed within sixty days of the Board's final decision in accordance with Tennessee Code Annotated section 27-9-102.  Furthermore, the chancery court held that the savings statute was not applicable to actions against the State of Tennessee, which included its departments, commissions, boards, institutions, and municipalities.  Thus, the chancery court granted the Board's motion and dismissed Mr. Halliburton's petition.  Thereafter, Mr. Halliburton timely filed his appeal.

## II.    ISSUES PRESENTED FOR REVIEW

Mr. Halliburton presents the following issues for review on appeal, which we have slightly restated:

1. Whether the Tennessee Legislature overstepped its constitutional bounds in violation of the Tennessee Constitution and the U.S. Supreme Court precedent in *Sessions v. Dimaya*, 138 S.Ct. 1204, 200 L.Ed.2d 549, 86 U.S.L.W. 4189 (2018), regarding separation of powers by establishing the Board;

---

[1] Mr. Halliburton appealed the dismissal of his first petition.  After the Tennessee Court of Appeals decision in *Halliburton v. Tenn. Bd. of Parole*, No. M2020-01657-COA-R3-CV, 2021 WL 2827329, at *1 (Tenn. Ct. App. July 7, 2021), Mr. Halliburton filed an application for permission to appeal to the Tennessee Supreme Court.  The Tennessee Supreme Court entered an order granting his application for permission to appeal and remanding the case to the Tennessee Court of Appeals.  Following remand, the Tennessee Court of Appeals affirmed the judgment of the trial court.  *Halliburton v. Tenn. Bd. of Parole*, No. M2020-01657-COA-R3-CV, 2022 WL 802618, at *1-7 (Tenn. Ct. App. March 17, 2022).

2. Whether the Board's use of the "Average Time Chart" is unconstitutional;
3. Whether the personnel for the Board violate due process because they are not learned in the law and their decisions concern liberty interests for paroled inmates;
4. Whether this Court's "confused parole jurisprudence" regarding liberty interests and due process should be revisited;
5. Whether the Board's failure to provide fair notice violates due process;
6. Whether the procedures regarding appeal to the chancery court unconstitutionally transform the chancery court from a court of equity into an appellate court;
7. Whether the language of the Board's discretionary determinations is unconstitutionally vague per *Sessions v. Dimaya*;
8. Whether the Board's unconstitutional establishment, legally unqualified personnel, pro forma language, secretive evidentiary procedures, and lack of effective judicial oversight make it an inquisitorial body that is anathema to the cultural and legal traditions of the American people;
9. What is the nature of the interest created by the State of Tennessee for itself and the parole eligible inmate in holding a parole hearing if there is no life, property, or liberty interest implicated;
10. Whether the dismissal of Mr. Halliburton's writ of certiorari renders Tennessee Code Annotated section 41-21-812 unconstitutional because it (a) violates the Tennessee Constitution and U.S. Constitution; and (b) makes fee payments a bar to prevent lawsuits by indigent inmates regardless of their merit;[2]
11. Whether statutes and rules that are unconstitutional ab initio subject Mr. Halliburton to a statute of limitations so that he is denied access to the courts in order to challenge the very same unconstitutional statutes and administrative rules;
12. Whether the chancery court's and this Court's failure to address Mr. Halliburton's claims creates a constitutionally deficient review prejudicial to his case; and
13. Whether Chief Justice Page abrogated his sworn duty to impartiality in Mr. Halliburton's cases in violation of the Tennessee Constitution and the U.S. Constitution, thereby violating Mr. Halliburton's constitutional right to due process.

The Board presents the following issues for review on appeal, which we have slightly restated:

1. Whether the chancery court properly dismissed the petition as it was not filed within sixty days of the Board's administrative appeal decision; and
2. Whether the chancery court properly determined that the saving statute, Tennessee Code Annotated section 28-1-105, is not applicable to Mr. Halliburton's petition against the Board, a state agency.

For the following reasons, we affirm the chancery court's decision.

---

[2] This issue raised by Mr. Halliburton concerning Tennessee Code Annotated section 41-21-812 was considered in a separate appeal with this Court. *Halliburton*, 2022 WL 802618, at *1-7.

## III. DISCUSSION

On appeal, Mr. Halliburton raises thirteen issues. However, the dispositive issue is whether the chancery court lacked subject matter jurisdiction. "Subject matter jurisdiction refers to a court's 'lawful authority to adjudicate a controversy brought before it.'" *Moore v. Tenn. Bd. of Parole*, No. M2020-00982-COA-R3-CV, 2021 WL 4472061, at *2 (Tenn. Ct. App. Sept. 30, 2021) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). As such, subject matter jurisdiction is "a threshold inquiry." *Id.* (quoting *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012)). A court must dismiss a case if it lacks subject matter jurisdiction. *Id.* (citing *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999)). "Tennessee Rule of Civil Procedure 12.02(1) governs a motion to dismiss for lack of subject matter jurisdiction." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012). The determination of whether subject matter jurisdiction exists is a question of law, which we review de novo without a presumption of correctness. *Id.* at 712-13 (quoting *Northland*, 33 S.W.3d at 729). We are able to resolve the issue of subject matter jurisdiction by answering the two questions presented by the Board: (1) whether the chancery court properly dismissed the petition as it was not filed within sixty days of the Board's administrative appeal decision, and (2) whether the chancery court properly determined that the saving statute is not applicable to Mr. Halliburton's petition against the Board.

In regard to the first issue, we have explained that "[t]he common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by parole eligibility review boards and other similar administrative tribunals." *McLemore v. Traughber*, No. M2007-00503-COA-R3-CV, 2007 WL 4207900, at *6 (Tenn. Ct. App. Nov. 28, 2007) (citing *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003)). "The only procedure for a prisoner to obtain judicial review of an action or decision of the Board is by a petition for common-law writ of certiorari." *Id.* (quoting *Hickman v. Tenn. Bd. of Paroles*, 78 S.W.3d 285, 290 n.4 (Tenn. Ct. App. 2001)). Tennessee Code Annotated section 27-9-102 provides that a petition for writ of certiorari must be filed in chancery court within sixty days from the entry of the order or judgment.[3] *See* Tenn. Code Ann. § 27-9-102. "The purpose of the provision requiring that a petition for writ of certiorari be filed within sixty days of entry of final judgment is 'to promote the timely resolution of disputes by establishing filing deadlines that will keep cases moving through the system.'" *Metz v. Metro. Gov't of Nashville & Davidson Cty.*, 547 S.W.3d 221, 225 (Tenn. Ct. App. 2017) (quoting *Hickman*, 78 S.W.3d at 289). Additionally, "[t]he sixty[-]day time limit is jurisdictional and the '[f]ailure to file a writ within this period precludes review of such decisions by the courts.'" *Id.* (quoting *Johnson v. Metro. Gov't*

---

[3] "This time limit applies to common law as well as statutory writs." *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976) (citing *Wilson v. Town of Greeneville*, 509 S.W.2d 495 (Tenn. Ct. App. 1973)).

*for Nashville Davidson Cty.*, 54 S.W.3d 772, 774 (Tenn. Ct. App. 2001)). As we have often explained, "the sixty-day statute of limitations is mandatory and jurisdictional. Failure to file the petition within the statutory time limit results in the Board's decision becoming final and, once the decision is final, the trial court is deprived of subject matter jurisdiction." *Ritchie v. Tenn. Bd. of Prob. & Parole*, No. M2015-00187-COA-R3-CV, 2015 WL 6671336, at \*4 (Tenn. Ct. App. Oct. 30, 2015) (quoting *Blanchard v. Tenn. Bd. of Prob. & Parole*, No. E2012-00663-COA-R3-CV, 2012 WL 5993734, at \*3 (Tenn. Ct. App. Dec. 3, 2012)).

The sixty-day time limit began running when Mr. Halliburton exhausted his administrative appeal in July 2020. *See id.* at \*5 ("This Court has, in numerous cases, begun the running of the sixty-day limitation period provided in Tennessee Code Annotated § 27-9-102 on the date the petitioner exhausted his or her administrative appeal."). Mr. Halliburton timely filed a petition for writ of certiorari on August 21, 2020. However, the chancery court dismissed his petition without prejudice on November 13, 2020, due to his outstanding costs in prior civil cases. On January 15, 2021, Mr. Halliburton filed his second petition for writ of certiorari. Mr. Halliburton's second petition was not filed within the sixty-day time limit in accordance with Tennessee Code Annotated section 27-9-102.

This case is similar to *Hughes v. Tenn. Bd. of Prob. & Parole*, No. M2019-00487-COA-R3-CV, 2020 WL 1527003, at \*1 (Tenn. Ct. App. Mar. 31, 2020), which involved three petitions. The first petition was timely filed in 2012, but was dismissed because the petitioner had unpaid court costs from two prior lawsuits. *Id.* The petitioner attempted to file a second petition in 2017, but the court clerk did not accept the petition for filing because the court costs were still unpaid. *Id.* The petitioner then filed a third petition in 2018 after paying his outstanding court costs. *Id.* However, the chancery court dismissed the petition for lack of subject matter jurisdiction because the petitioner failed to file the petition within sixty days of the Board's final decision. *Id.* at \*2. The petitioner argued that the sixty-day period for filing restarted when his outstanding court costs were paid in full. *Id.* at \*1. This Court rejected that argument for two reasons: (1) the petitioner waited more than sixty days to file his third petition anyway, so even assuming arguendo that tolling would apply to temporarily stop the clock, his petition was still untimely; and (2) another case had already rejected this argument and stated that the Tennessee Code Annotated section 27-9-102 did not support tolling. *Id.* at \*3. We explained that Tennessee Code Annotated section 27-9-102 did not include a tolling provision:

> In fact, such a provision would run counter to the clear wording and purpose of the mandatory and jurisdictional limitations period set forth in [the statute]. It would serve to reward an inmate who is delinquent in paying court costs by allowing him or her to set a personal deadline for filing a petition for writ of certiorari by deciding when to pay outstanding court costs.

*Id.* (quoting *Meeks v. Tenn. Bd. of Prob. & Parole*, No. M2007-00584-COA-R3-CV, 2008 WL 802458, at *3 (Tenn. Ct. App. Mar. 24, 2008)). Thus, we concluded in *Hughes* that the chancery court appropriately dismissed the third petition for lack of subject matter jurisdiction. *Id.* at *4. Likewise, in the case at bar, the chancery court properly dismissed the petition as it no longer had subject matter jurisdiction.

We also address whether the savings statute, Tennessee Code Annotated section 28-1-105, is applicable to Mr. Halliburton's petition. The savings statute states in part that:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a). "The purpose of the Tennessee savings statute is to provide a diligent plaintiff an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the plaintiff's right of action." *Cronin v. Howe*, 906 S.W.2d 910, 912 (Tenn. 1995) (citing *Dukes v. Montgomery Cty. Nursing Home*, 639 S.W.2d 910, 913 (Tenn. 1982)). This Court has previously addressed this issue in *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 378-79 (Tenn. Ct. App. 2003) and found the assertion without merit. In *Gore*, we stated that the savings statute does not specifically state that it is applicable to the sovereign State of Tennessee, has been held to be in derogation of sovereign immunity, and does not toll any statute of limitations as to the State of Tennessee. *Id.* at 379 (citing *Nance v. City of Knoxville*, 883 S.W.2d 629 (Tenn. Ct. App. 1994); *Brown v. State*, 783 S.W.2d 567 (Tenn. Ct. App. 1989); *Stokes v. Univ. of Tenn.*, 737 S.W.2d 545 (Tenn. Ct. App. 1987) (cert. denied 485 U.S. 935, 108 S.Ct. 1110, 99 L.Ed.2d 271, (1988)); *Lynn v. City of Jackson*, 63 S.W.3d 332 (Tenn. 2001).

We have explained that the savings statute is a general procedural statute. *Williams v. Memphis Light, Gas & Water Div.*, 773 S.W.2d 522, 523 (Tenn. Ct. App. 1988). Tennessee Code Annotated section 28-1-105 has "application to statutes of limitation of a general nature which relate to the remedy only . . . ." *Id.* (quoting *Auto. Sales Co. v. Johnson*, 122 S.W.2d 453, 456 (Tenn. 1938)). In *Johnson*, the Tennessee Supreme Court discussed whether the savings statute applied to the State. *Johnson*, 122 S.W.2d at 456-58. The Tennessee Supreme Court held that "general procedural statutes are not held to apply to a State unless expressly so provided . . . ." *Id.* at 456. The Tennessee Supreme Court clarified its holding from *Johnson* in a later decision:

> Although this Court concluded that the savings statute did not apply, we emphasized the special rules governing actions against the State. We said that suits against the State can be maintained only as authorized by statutes;

that statutes permitting suits against the State must be strictly construed; and that general procedural statutes do not apply against the State unless the State is specifically named therein. [*Johnson*,] 122 S.W.2d at 454-55. Because it followed the recitation of those particular, specific rules, the broad statement regarding the application of the savings statute should be limited, in our view, to the context in which it was made, statutes authorizing suits against the State or other governmental entities. *See e.g., Brent v. Town of Greeneville*, 203 Tenn. 60, 309 S.W.2d 121 (Tenn. 1957) (savings statute does not apply to annexation actions); *Williams v. Memphis Light Gas and Water Div.*, 773 S.W.2d 522 (Tenn. App. 1988) (savings statute does not apply to actions brought pursuant to the Tennessee Governmental Tort Liability Act).

*Cronin*, 906 S.W.2d at 914. "[T]he State" includes "the departments, commissions, boards, institutions and municipalities of the State." *Davidson v. Lewis Bros. Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007) (quoting *Metro. Gov't of Nashville & Davidson Cty. v. Allen*, 415 S.W.2d 632, 635 (Tenn. 1967)). Therefore, Tennessee Code Annotated section 28-1-105 is not applicable here. *See Rayburn v. Bd. of Prof'l Responsibility of Sup. Ct. of Tenn.*, 300 S.W.3d 654, 657 (Tenn. 2009) ("[P]rinciples of sovereign immunity preclude the application of the one-year savings statute, Tennessee Code Annotated section 28-1-105(a). A petition for certiorari must, therefore, be filed within sixty days of the panel judgment in order to preserve an appeal.").

Moreover, "[w]hen a statute which creates a right of action expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right." *Johnson*, 122 S.W.2d at 458. Similar to *Johnson*, "we have here a statute which expressly provides a condition precedent, compliance with which is essential in order to confer jurisdiction." *Williams*, 773 S.W.2d at 523 (quoting *Johnson*, 122, S.W.2d at 456). Mr. Halliburton was required by Tennessee Code Annotated section 27-9-102 to file his petition for writ of certiorari within sixty days from the entry of the order or judgment. *See* Tenn. Code Ann. § 27-9-102. Compliance with this condition precedent was essential in order to confer jurisdiction. *Williams*, 773 S.W.2d at 523 (quoting *Johnson*, 122, S.W.2d at 456). As we previously discussed, Mr. Halliburton's second petition was filed beyond the sixty-day time period in accordance with Tennessee Code Annotated section 27-9-102. Therefore, the chancery court properly dismissed the petition because it no longer had subject matter jurisdiction and the savings statute does not apply.

Because we found that the chancery court lacked subject matter jurisdiction and the savings statute does not apply, we reiterate that the court lacks the "'lawful authority to adjudicate a controversy brought before it.'" *Moore*, 2021 WL 4472061, at *2 (quoting *Northland*, 33 S.W.3d at 729). Mr. Halliburton argues that this Court's failure to address his claims creates a "constitutionally deficient review prejudicial" to his case. We recognize that Mr. Halliburton is acting pro se in this case. "[W]e give 'pro se litigants

who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs . . . .'" *Id.* at *3 (quoting *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). However, "we are not at liberty to 'excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.'" *Id.* at *3 (quoting *Young*, 130 S.W.3d at 63). Furthermore, "this is especially true when compliance with the rules is necessary to invoke the court's subject matter jurisdiction." *Id.* Finding that the court lacks subject matter jurisdiction over Mr. Halliburton's second petition, we conclude that all other issues are pretermitted.

## IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to the appellant, Michael Halliburton, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE