IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 8, 2001 Session

## IN RE: ADOPTION OF J.R.W.

**Appeal from the Circuit Court for Monroe County**
No. 6642      John B. Hagler, Jr., Judge

FILED JUNE 29, 2001

**No. E2000-01335-COA-R3-CV**

R.J.W. ("the Wife of the Adopter") instituted this action against her sister-in-law, K.D.W., seeking to set aside the adoption of K.D.W.'s natural son, J.R.W., by the plaintiff's late husband, M.W. ("the Adopter"), some eleven years earlier. The trial court dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Larry B. Nolen, Athens, Tennessee, for the appellant, R.J.W.

Carl P. McDonald and Robert N. Goddard, Maryville, Tennessee, for the appellee, K.D.W.

Doris Matthews, Madisonville, Tennessee, Guardian *Ad Litem* for J.R.W.

**OPINION**

I.

This case involves the 1988 adoption by the Adopter of his nephew, J.R.W, a minor child born out of wedlock to the Adopter's sister, K.D.W. The petition for adoption had been filed in the Adopter's name, and his sister joined in the petition. Although the Adopter and the plaintiff in the instant case were married at the time, she was not a party to the proceeding.

The Wife of the Adopter instituted the present action following the Adopter's death in 1998, seeking to undo the adoption. A liberal reading of the petition reveals that the Wife of the Adopter alleges extrinsic fraud on the part of the Adopter and his sister in procuring the adoption. The trial court, acting upon the motion of K.D.W., dismissed the petition, reasoning that the finality of the adoption is mandated by T.C.A. § 36-1-122(b) (1996), which provides as follows:

(1) After the final order of adoption is entered, no party to an adoption proceeding, nor anyone claiming under such party, may later question the validity of the adoption proceeding by reason of any defect or irregularity therein, jurisdictional or otherwise, but shall be fully bound by the order, except for such appeal as may be allowed by law.

(2) In no event, for any reason, shall an adoption be overturned by any court or collaterally attacked by any person or entity after one (1) year from the date of entry of the final order of adoption by a court of competent jurisdiction. This provision is intended as a statute of repose.

This appeal followed. While numerous arguments are advanced by the parties, we find one dispositive.

## II.

The grant of a Tenn. R. Civ. P. 12.02 motion to dismiss for failure to state a claim upon which relief can be granted presents a question of law, which we review *de novo* with no presumption of correctness. *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn. 1997); *Daniel v. Hardin County Gen. Hosp.,* 971 S.W.2d 21, 23 (Tenn. Ct. App. 1997). In such cases, we must "construe the complaint liberally in the plaintiff's favor and take the allegations of the complaint as true." *Pursell v. First American Nat'l Bank,* 937 S.W.2d 838, 840 (Tenn. 1996); *Daniel,* 971 S.W.2d at 23. The motion should be denied "unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Stein,* 945 S.W.2d at 716.

## III.

In dismissing the petition of the Wife of the Adopter, the trial court relied primarily upon T.C.A. § 36-1-122(b)(2), a statute of repose that went into effect on January 1, 1996. That statute provides as follows:

In no event, for any reason, shall an adoption be overturned by any court or collaterally attacked by any person or entity after one (1) year from the date of entry of the final order of adoption by a court of competent jurisdiction. This provision is intended as a statute of repose.

*Id*. We agree with the trial court that the language of this statutory provision, if applicable to this case, is a bar to the plaintiff's petition; however, we do not find it necessary to decide if this provision, which became effective some eight years after the adoption of J.R.W., is applicable to the

facts of this case. This is because we find and hold that the plaintiff's petition is barred by the predecessor to the presently-existing T.C.A. § 36-1-122. That predecessor statute, T.C.A. § 36-1-127(b) (1984), provided as follows:

> After the final order of adoption is signed, no party to an adoption proceeding, nor anyone claiming under such a party, may later question the validity of the adoption proceeding by reason of any defect or irregularity therein, jurisdictional or otherwise, but shall be fully bound thereby, save for such appeal as may be allowed by law. *No adoption may be questioned by reason of any procedural or other defect by anyone not injured by such defect, nor may any adoption proceeding be attacked either directly or collaterally by any person other than a natural parent or guardian of the person of the child.*

(Emphasis added). T.C.A. § 36-1-127(b) embodied the Legislature's desire to provide finality in the adoption process. *See Buckner v. Unknown Father of Sanders,* C/A No. 86-136-II, 1986 WL 10693, at *8 (Tenn. Ct. App. M.S., filed October 1, 1986) (Koch, J., concurring). That statute limited the situations in which an individual who was *not* a "party to an adoption proceeding [or one] claiming under such a party" could attack an adoption. Such a non-party could attack an adoption only if two conditions were met: (1) the person could establish injury as a result of a defect in the adoption proceeding and (2) he or she was a natural parent or guardian of the child. On the face of the pleadings, the Wife of the Adopter obviously cannot satisfy these requirements. Thus, we conclude that the order of adoption became final many years before the filing of the petition in the instant case, and, by virtue of T.C.A. § 36-1-127(b), a statute in existence at the time of the adoption, was rendered unassailable by one in the position of the Wife of the Adopter.

The Wife of the Adopter argues that the purpose of T.C.A. § 36-1-127 was to provide for stability in the life of an adopted child after being placed in a new environment and that this purpose would not be served by applying this statute in the instant case because, she alleges, the child was never removed from his natural mother. We find this argument to be without merit. As indicated previously, T.C.A. § 36-1-127(b) reflects the Legislature's intent to provide for *finality* in adoption proceedings. *See Buckner,* 1986 WL 10693, at *8 (Koch, J., concurring). To that extent, the purpose of the statute is well-served in this case by the preclusion of the instant petition to undo an adoption that occurred some ten plus years ago.

In summary, we find that the trial court was correct in dismissing the petition to set aside the adoption of J.R.W., although for a reason different from that expressed by the trial court. We may affirm a judgment if the result is correct even though we do not agree with the trial court's reasoning. *Murvin v. Cofer,* 968 S.W.2d 304, 311 (Tenn. Ct. App. 1997).

In view of our decision in this case, we do not find it necessary to reach the other issues raised by the appellant nor do we find it necessary to address the appellee's other arguments.

IV.

The judgment of the trial court is affirmed. This case is remanded for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant, R.J.W.

_____
CHARLES D. SUSANO, JR., JUDGE