# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 5, 2004 Session

## ANITA J. VEDDER v. NORTH AMERICAN MORTGAGE CO., ET AL.

### Appeal from the Circuit Court for Rutherford County
### No. 47825     Robert E. Corlew, III, Chancellor

---

### No. M2003-01682-COA-R3-CV - Filed November 30, 2004

---

This case involves a homeowner who defaulted on her home mortgage. After the holder of the note commenced foreclosure proceedings, the homeowner filed suit in the Circuit Court for Rutherford County asserting numerous claims against the original mortgagee, the subsequent purchasers of the note, and an executive employed by one of the subsequent purchasers. The trial court granted the defendants' motion to dismiss the homeowner's complaint for failure to state a claim upon which relief could be granted. The homeowner appealed and, while the appeal was pending, requested the trial court to vacate its earlier decision for lack of subject matter jurisdiction. The trial court denied the homeowner's motion. We now affirm both of the trial court's decisions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and FRANK G. CLEMENT, JR., J., joined.

Anita J. Vedder, Smyrna, Tennessee, Pro Se.

J. Graham Matherne and Andrew J. Pulliam, Nashville, Tennessee, for the appellees, North American Mortgage Co., Washington Mutual, Inc., Washington Mutual Bank, FA, Homeside Lending, and Kerry K. Killinger.

### MEMORANDUM OPINION[1]

On July 5, 1999, Anita J. Vedder purchased a residential property at 1000 Kilgrow Court in Smyrna, Tennessee using a $97,600 mortgage loan from North American Mortgage Co. ("North American"). Ms. Vedder signed a note in which she promised to repay North American the $97,600

---

[1]Tenn. Ct. App. R. 10 provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

plus interest. This note was secured by a deed of trust. It also contained a provision permitting North American to transfer the note and deed of trust.[2] North American subsequently transferred the note and the deed of trust, and in August 2002, Homeside Lending owned the note and deed of trust. Ms. Vedder did not make her monthly mortgage payment in August 2002, apparently because she believed that the transfers of the note and deed of trust somehow extinguished her obligation to pay the balance of her mortgage loan. Homeside Lending determined that Ms. Vedder was in default and commenced foreclosure proceedings.

On February 6, 2003, Ms. Vedder filed a pro se complaint against North American, Homeside Lending, Washington Mutual Bank, F.A.,[3] and others in the Rutherford County Circuit Court. Ms. Vedder asserted numerous claims under state and federal law including breach of contract, failure of consideration, non-disclosure and misrepresentation of material facts, theft by false pretext, ratification and enforcement of administrative agreements, civil violations of the Fair Credit Reporting Act, 15 U.S.C.A. §§ 1681-1681x (1998 & Supp. 2004), and the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692-1692o (1998), and civil and criminal violations of the Truth in Lending Act, 15 U.S.C.A. §§ 1601-1667f (1998 & Supp. 2004). Although Ms. Vedder's complaint is far from clear, the factual predicate for most of her claims appears to be her belief that North American could not legally transfer the note, that North American's agents acted outside the scope of their corporate authority in making the loan to her in the first place, and that she is therefore no longer required to make her monthly mortgage payments.

The defendants moved to dismiss Ms. Vedder's complaint under Tenn. R. Civ. P. 12.02(6). The trial court carefully examined Ms. Vedder's eight causes of action and found that each failed to state a claim upon which relief could be granted. Thus, in a May 28, 2003 letter to the parties and a June 11, 2003 order, the court dismissed Ms. Vedder's complaint with prejudice. Ms. Vedder filed a notice of appeal. While the appeal was pending, Ms. Vedder filed a document in the trial court styled as follows: "Verified Petition to Vacate a Void Judgment and Direct Attack." In this document, Ms. Vedder argued that the June 11, 2003 order was void because the trial court lacked subject matter jurisdiction over the case. In a December 2, 2003 letter to the parties and a December 16, 2003 order, the trial court denied Ms. Vedder's petition.

On this appeal, Ms. Vedder continues to press her jurisdictional attack on the trial court's orders. Her arguments on this point bear little, if any, resemblance to recognized legal theories.[4]

---

[2]The note stated explicitly that "I understand that the Lender may transfer this Note."

[3]By this time, both North American and Homeside Lending were part of Washington Mutual Bank, and Washington National Bank was the holder of Ms. Vedder's note and deed of trust.

[4]Ms. Vedder's lengthy briefs on appeal, like many of her filings in the trial court, are difficult to follow. Although she employs legal terminology, she often does so in an incoherent and nonsensical manner. For example, her opening brief on appeal contains the following passage in a section entitled "JUDICIAL NOTICE":

> **FURTHER** THAT, Anita J. Vedder *IS NOT* a trustee of the UNITED STATES BANKRUPTCY, as provided by the EMERGENCY BANKING ACT OF MARCH 9, 1933, nunc pro tunc, that Anita
>
> (continued...)

However, Ms. Vedder is proceeding as a pro se litigant in this case. Accordingly, in recognition that many pro se litigants lack legal training and are unfamiliar with the work of the courts,[5] we will give her a certain amount of leeway in the preparation of her briefs and legal arguments, *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997), and we will measure her papers using less stringent standards that those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S. Ct. 173, 176 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998). We will not, however, excuse her from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App.1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Regardless of the amount of leeway we give, Ms. Vedder's jurisdictional arguments remain difficult to follow. Her claims most closely resemble the following legal arguments: (1) state courts have no jurisdiction over her claims because her claims are based on federal law; (2) the federal statutes on which her claims are based provide for exclusive jurisdiction in the federal courts; and (3) the trial court did not have the authority to adjudicate her claims because they arose at law rather than in equity. Each of these arguments is flawed.

First, state courts retain concurrent jurisdiction with the federal courts over claims arising under federal law unless the United States Congress has withdrawn that jurisdiction with respect to a particular claim. *Tafflin v. Levitt*, 493 U.S. 455, 458-460, 110 S. Ct. 792, 795 (1990). Second, the federal statutes relied on by Ms. Vedder explicitly provide for state court jurisdiction over claims arising under those acts. 15 U.S.C.A. § 1681p (Fair Credit Reporting Act); 15 U.S.C.A. § 1692k(d) (Fair Debt Collection Practices Act); 15 U.S.C.A. § 1640(e) (Truth in Lending Act). Third, in researching her case, Ms. Vedder has apparently overlooked Tenn. Code Ann. § 16-11-102 (1994), which gives the chancery courts concurrent jurisdiction with the circuit courts over all civil causes of action subject to certain exceptions not applicable here. Accordingly, we affirm the trial court's rejection of Ms. Vedder's jurisdictional challenge.

We also agree with the trial court's conclusion that Ms. Vedder's complaint failed to state a claim upon which relief could be granted. The sole purpose of a Tenn. R. Civ. P. 12.02(6) motion is to test the sufficiency of the complaint, not the strength of the plaintiff's evidence. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999). It requires the courts to review the complaint alone, *Daniel v. Hardin County Gen. Hosp.*, 971 S.W.2d 21, 23 (Tenn. Ct. App. 1997),

---

[4](...continued)

J. Vedder's name has been copyrighted for TRUTH IN COMMERCE AND CONTRACT TORT WAIVER with significant silver specie penalties in place for misuse, nunc pro tunc, to April 08, 1941, that she has power of attorney over her strawman on file with the State of Tennessee Secretary of State and Rutherford County Register of Deeds and that this matter proceeds with a prior reservation of right as provided by UCC at 1-207.

[5]*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

and to look to the complaint's substance rather than its form. *Kaylor v. Bradley*, 912 S.W.2d at 731. Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted when the alleged facts will not entitle the plaintiff to relief or when the complaint is totally lacking in clarity and specificity. *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992).

On appeal from an order granting a Tenn. R. Civ. P. 12.02(6) motion, we must presume that the factual allegations in the complaint are true, and we must review the trial court's legal conclusions regarding the adequacy of the complaint without a presumption of correctness. *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d at 554; *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). Having independently reviewed Ms. Vedder's complaint, we concur with the trial court's conclusion that it fails to state a claim upon which relief can be granted. Accordingly, the trial court did not err in granting the defendants' Tenn. R. Civ. P. 12.02(6) motion and in dismissing Ms. Vedder's complaint with prejudice.

We affirm the orders dismissing Ms. Vedder's complaint and denying her post-trial petition and remand the case to the trial court for further proceedings consistent with this opinion. We also tax the costs of this appeal to Anita J. Vedder for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.